**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

v.

AARON HICKS,

Defendant.

_____

15-CR-33-A
**DECISION AND ORDER**

This case is scheduled for retrial on Count 1 of the superseding indictment, which alleges that the Defendant was a member of a racketeering conspiracy. *See* 18 U.S.C. § 1962(d). The Court assumes familiarity with its February 12, 2018 Decision and Order, which, as relevant here, denied the Defendant's motion, based on the issue-preclusion component of the Double Jeopardy Clause, to preclude certain evidence at retrial. Docket No. 325 at 15; 2018 WL 817868.

The Defendant has filed a notice of appeal from the Court's Decision and Order. Because "the filing of a notice of appeal is an event of jurisdictional significance," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), and because a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), the Court directed the parties to file briefs "addressing whether the Court has been divested of jurisdiction to proceed with the . . . retrial in light of the Defendant's notice of appeal." Docket No. 331. The parties have done so.[1] Docket No. 344; Docket No. 345.

---

[1] In his brief, the Defendant argues that "even entertaining retention of jurisdiction while [his] appeal is pending is an improper action that interferes with the [Second Circuit's] jurisdiction over the appeal." Docket

1

**DISCUSSION**

The Supreme Court has "carved out a narrow exception to the normal application of the final judgment rule." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). That exception—the "collateral-order doctrine"—"considers as 'final judgments,' even though they do not 'end the litigation on the merits,' decisions 'which finally determine claims of right separate from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate jurisdiction be deferred until the whole case is adjudicated.'" *Id.* (quoting *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949)). A pretrial "motion to dismiss an indictment on double jeopardy grounds . . . falls within th[is] 'small class of cases' that" is "beyond the confines of the final-judgment rule." *Abney v. United States*, 431 U.S. 651, 659 (1977).

Not all double-jeopardy claims, however, fall within the collateral-order doctrine. A defendant may take an interlocutory appeal from an order denying a motion in which he "challenges an entire count on grounds of former jeopardy." *United States v. Tom*, 787 F.2d 65, 68 (2d Cir. 1986). But if "the defendant will be tried on the count even if the challenged portion of the count is stricken," an order denying a double-jeopardy claim is typically not "collateral," because "obliging [the defendant] to proceed with the trial and pursue his claim only on appeal from conviction, should one occur, does not forfeit an opportunity to vindicate a right to avoid trial on that count." *Id.* In other words, if a defendant's double-jeopardy claim seeks only to exclude evidence from a particular count—rather than dismiss the count altogether—an order resolving that claim is likely

---

No. 345 at 5. This argument is without merit: "[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002).

not one from which an interlocutory appeal may be taken. *See United States v. Wright*, 776 F.3d 134, 141 (3d Cir. 2015) (noting that, "seven . . . courts of appeals have found that the touchstone for interlocutory jurisdiction is a collateral-estoppel claim that, if successful, would require dismissal of, at a minimum, an entire count").

The Defendant did not move to dismiss all of Count 1 on double-jeopardy grounds. Rather, he only sought to exclude evidence from a retrial on Count 1. Thus, no matter the outcome of the Defendant's double-jeopardy claim, he will face retrial on Count 1. The Second Circuit has held that, in these circumstances, a defendant "is not entitled to an interlocutory appeal to avoid whatever slight increment of strain, embarrassment, or expense might arise from having to defend against allegations made or evidence presented in connection with a count on which trial will in any event occur." *Tom*, 787 F.2d at 68. Thus, the Defendant's double-jeopardy claim is not one that would be "'lost, probably irreparably,' if review had to await final judgment.'" *Abney*, 431 U.S. at 658 (quoting *Cohen*, 337 U.S. at 546).

The Defendant's notice of appeal therefore appears to be premature. As a result, the Defendant's notice of appeal does not divest the Court of jurisdiction to proceed with the retrial. *See, e.g.*, *United States v. Rogers*, 101 F.3d 247, 251-52 (2d Cir. 1996).

## CONCLUSION

For the reasons stated above, the Court concludes that it retains jurisdiction over this case despite the pendency of the Defendant's appeal.[2] The retrial will proceed as scheduled.

---

[2] Because the Court concludes that the Defendant's appeal does not fall within the collateral-order doctrine, the Court need not address the Government's alternative argument that the Defendant's appeal is frivolous. *See* Docket No. 345 at 8-10; *United States v. Millan*, 4 F.3d 1038, 1044 (2d Cir. 1993) ("A district court may

**SO ORDERED.**

Dated: March 14, 2018                                        _s/Richard J. Arcara_
    Buffalo, New York                                        HONORABLE RICHARD J. ARCARA
                                                             UNITED STATES DISTRICT JUDGE

---

retain jurisdiction and proceed to trial, despite the pendency of a defendant's interlocutory double jeopardy appeal, when the appeal is frivolous.")