**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

       v.

AARON HICKS,

           Defendant.

15-CR-33-A
**DECISION AND ORDER**

_____

    Both parties have filed motions *in limine* in advance of the retrial in this case. After reviewing the parties' papers and hearing argument, the motions are resolved as follows.

### 1. The Government's motion to redact the superseding indictment

The Government moves to redact paragraph 12 of the superseding indictment.[1] Paragraph 12 alleges a number of overt acts in furtherance of a conspiracy to participate in the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d).

Unlike the general conspiracy statute, 18 U.S.C. § 371, the RICO conspiracy statute, 18 U.S.C. § 1962(d), contains "no requirement of some overt act or specific act." *Salinas v. United States*, 522 U.S. 52, 63 (1997). Instead, to prove a RICO conspiracy, "the government is required to prove only the existence of an *agreement* to violate RICO's substantive provisions." *United States v. Applins*, 637 F.3d 59, 74 (2d Cir. 2011) (quotation marks omitted). Thus, the indictment in this case is valid with or without any overt act allegations. *See United States v. Nance*, 168 F. Supp. 3d 541, 546 n.2 (W.D.N.Y. 2016).

---

[1] The Government also moves to redact paragraph 13 of the superseding indictment. The Defendant does not oppose that request, and the Court therefore grants it.

1

The Defendant nonetheless objects to redacting paragraph 12, arguing that doing so would deny him "sufficient notice in this second trial of the allegations regarding the specific contested racketeering acts attributable to him so that he could defend against those allegations in the instant prosecution and in any future prosecutions." Docket No. 359 at 3. There are two problems with this argument.

First, the Defendant already has sufficient notice—from discovery, from the first trial, and from the Government's exhibit and witness lists for the retrial—of what the Government will attempt to prove in this case. And second, the Government only asks to redact the indictment that will be read and provided to the jury; the Defendant, of course, will still have the un-redacted indictment, and he will therefore still be fully aware of what the Government seeks to prove. The Government's motion to redact paragraph 12 from the superseding indictment is therefore granted.[2]

The Defendant also objects to the redacted indictment being read or submitted to the jury. In the alternative, the Defendant requests that the Court "wait until the conclusion of the Government's proof and read the Indictment to the jury as part of the Court's instructions." Docket No. 359 at 4. The Defendant primarily argues that reading the indictment to the jury is prejudicial, and that the jury could improperly consider the indictment to be evidence.

The Defendant's motion is denied because the Court's standard instruction—which it repeats numerous times during jury selection, during the jury's preliminary

---

[2] The Defendant does not raise a claim that redacting paragraph 12 would constructively amend the indictment, nor could he. As the Second Circuit recently reaffirmed, an indictment "is not constructively amended . . . where a portion of the indictment that is unnecessary for a conviction of the crime charged is removed or altered." *United States v. Dove*, 884 F.3d 138, 146 (2d Cir. 2018) (citing *United States v. Miller*, 471 U.S. 130, 136-37 (1985)). Because an overt act is not an element of a RICO conspiracy, redacting the indictment's overt act allegations would not result in a constructive amendment.

instructions, and in the final charge—reminds the jury that an indictment is not evidence and that it serves no purpose other than to initiate a prosecution and to advise the Defendant of what he is charged with.

### 2. The Government's motion to bar mention of the prior trial

The Government seeks an *in limine* ruling "that the parties are barred from introducing evidence concerning the verdicts rendered in the September 2017 trial and the mention that witnesses have previously testified in this matter in a prior trial." Docket No. 358 at 5. The Government concedes that witnesses may be impeached with their testimony from the September 2017 trial, but the Government requests an order that the parties "not be allowed to refer to the testimony as coming from a 'first trial,' 'mistrial,' or some other reference to a previous trial on these issues." *Id.* Instead, the Government requests that, if the parties refer to testimony from prior trial, they simply refer to testimony from a prior "proceeding," without mentioning that the "proceeding" was a trial. *Id.* The Government also requests an *in limine* ruling that the Defendant "be barred from introducing evidence of the jury verdict at the first trial," because it is "highly irrelevant, confusing, and has no probative value." *Id.* at 6.

The Defendant objects to these requests, arguing that the Court should address the issue as it arises during trial, rather than in an *in limine* ruling. But based on the Court's extensive experience with the facts and issues in this case, the Court cannot imagine any way in which mentioning the prior trial, or the result of that trial, would be relevant in the retrial. Balanced against its non-existent relevance, mentioning the prior trial, or the result of that trial, would surely confuse and mislead the new jury, and it would be unfairly prejudicial to the Government. *See* Fed. R. Evid. 403; *United States v. De La*

3

*Rosa*, 171 F.3d 215, 219 (5th Cir. 1999) ("[A]s a general matter, a trial court does not abuse its discretion in excluding evidence of a prior acquittal on a related charge. . . . Evidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime.") (quotation marks and brackets omitted).

The Government's motion is therefore granted. During the retrial, the parties shall not refer to a "prior" trial, a "mistrial," or otherwise suggest in any way that this case has been tried previously. If either party seeks to impeach a witness with that witness's testimony from the prior trial, the party shall refer to the witness's testimony in a prior "proceeding" or "hearing," without mentioning that that "proceeding" or "hearing" was an earlier trial of this case. *See* L. Sand, *et al.*, *Modern Federal Jury Instructions: Criminal* (2016) Instruction 2-13, cmt. (noting that "many jurisdictions proscribe any reference to previous trials, using instead references to 'a prior proceeding'").

**3. The Government's motion to admit self-authenticating business records**

Lastly, the Government moves *in limine* to admit records from United Airlines as self-authenticating business records under Federal Rule of Evidence 902(11).[3] Rule of Evidence 902(11) provides that business records are self-authenticating if (1) "a certification of the custodian or another qualified person" shows that the records comply with Federal Rule of Evidence 803(6)(A)–(C), i.e., the hearsay exception for business records; (2) the certification "complies with a federal statute or a rule prescribed by the

---

[3] The Government made the same request during the prior trial, but the Court denied the request because the certification the Government submitted for United Airlines did not fully comply with Rule of Evidence 803(6). The Government has obtained a new certification.

4

Supreme Court"; and (3) "[b]efore the trial . . ., the proponent . . . give[s] an adverse party reasonable written notice of the intent to offer the record" and "make[s] the record and certification available for inspection."

The Government has complied with each of these requirements. The United Airlines certification repeats the requirements of Rule 803(6)(A)–(C) nearly verbatim, it is signed pursuant to 28 U.S.C. § 1746, *see* 2000 Advisory Committee Note (ACN) to Rule 902(11), and the Government provided notice of its intent to offer the certification by way of an April 9, 2018 email to Defense counsel, as well as in its April 11, 2018 motion *in limine*. The United Airlines business records are therefore self-authenticating under Rule 902(11).

The Defendant objects, however, arguing that the certification "does not certify to the accuracy of the records and never states who prepared the records." Docket No. 359 at 5. He also argues that the certification "does not make reference to the type of record or its volume," nor, he argues, does the certification "specify to what subpoena the certification is responsive." *Id.* But neither Rule 803(6) nor Rule 902(11) require this information to be contained in the certification.[4]

The Defendant also argues that the certification contains his former co-defendants' names, in addition to his own name. He asks that the other names be redacted before the certification is entered into evidence. If the Government intends to enter the certification into evidence, it shall redact the names of Letorrance Travis, Luis Zuniga, and Julio Contreras.

---

[4] There is no support in the record for the Defendant's claim that the certification does not "state the business that kept the records or the activity." *Id.* The certification is on United Airlines letterhead, and its declarant states that she is the "duly authorized Custodian of Records for the Ticket Documentation Department of United Airlines, Inc."

Finally, the Defendant makes new objections to the Court's earlier ruling to admit American Airlines and Southwest Airlines records as self-authenticating business records under Rule 902(11).  As with the United Airlines records, the Defendant argues that the certifications for American Airlines and Southwest Airlines do not certify the accuracy of the records and do not state who prepared the records.  Again, however, neither Rule 902(11) nor Rule 803(6) require this information to be contained in a business-records certification.

The Defendant also argues that the Southwest Airlines certification is not sworn to under oath or penalty of perjury.  The certification is, however, sworn to by its declarant and notarized by a notary public.  A declaration "that satisfies 28 U.S.C. § 1746" satisfies Rule 902(11)'s certification requirement, "as would any comparable certification under oath."  2000 ACN to Rule 902(11).  Several district courts have held that a notarized document satisfies this requirement, and the Defendant has provided the Court with no reason to not conclude likewise in this case, particularly given that the United Airlines declarant swore to the statements in the declaration.  *See Callaway v. Travis Cnty.*, 2016 WL 4371943, at *6 (W.D. Tex. July 28, 2016) ("The records are accompanied by a notarized certification that meets the self-authenticating requirements of Federal Rule of Evidence 902(11) and establishes the records' admissibility under Rule 803(6)."); *Cervetto v. Powell*, Civil Action No. 1:14cv-00075-HBB, 2016 WL 9460451, at *2 (W.D. Ky. Oct. 13, 2016) ("The certification proffered by the Defendants is notarized, thereby satisfying Rule 902(11) as well as Rule 803(6).")

## CONCLUSION

For the reasons stated above, the parties' motions *in limine* are resolved as follows:

- The Government's motion to redact paragraphs 12 and 13 from the superseding indictment is granted;

- The Defendant's motion to not read or provide the indictment to the jury, or to delay doing so, is denied;

- The Government's motion to preclude mention of the prior trial, or the result of that trial, is granted;

- The Government's motion to admit *in limine* self-authenticating business records from United Airlines is granted;

- The Defendant's motion to preclude self-authenticating documents from Southwest Airlines and American Airlines is denied;

- The Defendant's motion to redact the names of his former co-defendants from the United Airlines business records certification is granted; and

- The Defendant's oral motion, made on the record on April 12, 2018, renewing his double jeopardy objection is denied for the reasons stated in the Court's February 12, 2018 Decision and Order (Docket No. 325).

**SO ORDERED.**

Dated: April 16, 2018　　　　　　　　　　　　__*s/Richard J. Arcara*__
　　Buffalo, New York　　　　　　　　　　HONORABLE RICHARD J. ARCARA
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE