```
                  UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF NEW YORK


 UNITED STATES OF AMERICA,      )
                                ) Case No. 1:15-CR-00033
                                )           (RJA)(HBS)
               Plaintiff,       )
                                )
 vs.                            ) May 1st, 2017
                                )
 AARON HICKS,                   )
                                )
               Defendant.       )



                  TRANSCRIPT OF ORAL ARGUMENT
             BEFORE THE HONORABLE RICHARD J. ARCARA
                SENIOR UNITED STATES DISTRICT JUDGE



 APPEARANCES:

 For the Plaintiff:    JAMES P. KENNEDY, JR.
                       UNITED STATES ATTORNEY
                       BY:  PAUL PARISI, ESQ.
                            WEI XIANG, ESQ.
                       ASSISTANT UNITED STATES ATTORNEYS
                       138 Delaware Avenue
                       Buffalo, NY 14202

 For the Defendant:    ROBERT ROSS FOGG, ESQ.
                       69 Delaware Avenue, Suite 600
                       Buffalo, NY 14202

 Court Reporter:       MEGAN E. PELKA, RPR
                       Robert H. Jackson Courthouse
                       2 Niagara Square
                       Buffalo, NY 14202
```

08:55AM 1      THE CLERK:  Criminal action 2015-33A.  United States
08:55AM 2 vs. Aaron Hicks.  Oral argument on defendant's motion to
08:55AM 3 revoke Magistrate Judge Hugh B. Scott's order denying pretrial
08:55AM 4 release.  Counsel, please state your name and the party you
08:55AM 5 represent for the record.
08:55AM 6      MR. XIANG:  Paul Parisi and Wei Xiang for the
08:55AM 7 government.
08:55AM 8      MR. FOGG:  Good morning, Your Honor.  Robert Ross
08:55AM 9 Fogg with Mr. Hicks, present in court.
08:55AM 10      THE COURT:  Good morning.
08:55AM 11      MR. XIANG:  Good morning.
08:55AM 12      MR. FOGG:  Good morning.
08:55AM 13      THE COURT:  Mr. Fogg, you're up.
08:55AM 14      MR. FOGG:  Yes, Judge.  Your Honor, as you know, on
08:55AM 15 behalf of Mr. Hicks, we filed a motion for pretrial release.
08:55AM 16 We did have discussions about his conditions of bail,
08:55AM 17 detention issue.  We had these issues already before Judge
08:56AM 18 Scott.  So, while the government states that this is a review
08:56AM 19 of that, at least a rehashing of that or reopening, yes,
08:56AM 20 Judge, it would actually be.
08:56AM 21      Now, the purpose for that, Your Honor, I came across
08:56AM 22 a case and the case was *United States v. Enix* and that's the
08:56AM 23 one case where the Honorable Elizabeth A. Wolford decided on
08:56AM 24 facts and circumstances very similar to this case.  And the
08:56AM 25 judge there focused on the first factor, which appeared to be

08:56AM 1 satisfied, but then the remaining factors were kind of
08:56AM 2 overlooked, overshadowed, at least not considered.  Based on
08:56AM 3 that, the Honorable Wolford granted his release.
08:56AM 4          Now, every case can be distinguished and that's true.
08:56AM 5 Not every case is right on point, but the case of *U.S. v. Enix*
08:57AM 6 was one which there's a RICO charge, there are murder charges,
08:57AM 7 but none of which brought directly against the individual.
08:57AM 8 Also, there are accusations that he may have been involved.
08:57AM 9 The one thing that we definitely differ in that case is the
08:57AM 10 defendant in that case didn't have a criminal history.  My
08:57AM 11 client does.  My client doesn't have a criminal history that
08:57AM 12 is so outrageous that could not overcome the presumption.
08:57AM 13          So, the reason why we brought this motion, I know
08:57AM 14 Your Honor reviewed the documents, as the Court always does
08:57AM 15 and I went into great detail trying to be mindful of the
08:57AM 16 Court's consideration as far as lengthiness, but I had to
08:57AM 17 address each point as Judge Wolford did; otherwise, you would
08:57AM 18 not see the analogy.
08:57AM 19          And in this case, there was an individual who
08:58AM 20 actually proffered information about a death; a death in which
08:58AM 21 during the detention hearing, that was something that was at
08:58AM 22 issue and gave Judge Scott great concern.  Subsequent to that
08:58AM 23 hearing, this individual proffered evidence and basically
08:58AM 24 stated that he was following Mr. Hicks in his car and out of
08:58AM 25 some sort of circumstance, he was able to pull Mr. Hicks over.

```
08:58AM   1   When they got out of the car, somebody came out of an area, a
08:58AM   2   cut, woods or something and started shooting.  Now, Mr. Hicks
08:58AM   3   was in the flay of the bullets as well.  There were three
08:58AM   4   people in that car.  They all start ducking, start running.
08:58AM   5   Mr. Hicks ran, a girl that was in the car ran and the two
08:59AM   6   gentleman, one of them got hit and one was killed.
08:59AM   7          If that's the case, then how can you say by, I guess,
08:59AM   8   a fortuitous situation that Mr. Hicks was involved in that,
08:59AM   9   other than being in a shooting spree where he was or could
08:59AM  10   have been shot as well?  Now, that person proffered that and
08:59AM  11   that was one of the major issues that was brought up in the --
08:59AM  12   I don't know if there's another accusation, but as I know it,
08:59AM  13   subsequent to the detention hearing, these are the things that
08:59AM  14   I discovered.
08:59AM  15          And if that's the case, then Judge Scott's concern
08:59AM  16   with regard to his involvement with murder or his involvement
08:59AM  17   in orchestrating one is not there, because even in some of the
08:59AM  18   3500 material, it suggests that Mr. Hicks happened to be in a
08:59AM  19   certain area and the same thing was recited.
08:59AM  20          Now, when I start looking over it, I did some across
08:59AM  21   *Enix*.  And with *Enix*, it was the same kind of situation,
09:00AM  22   except *Enix* was nowhere around.  But here, nobody points to my
09:00AM  23   client doing anything, orchestrating anything, agreeing to
09:00AM  24   anything.  So, since Judge Scott's major concern was that --
09:00AM  25   the accusation of murder, later on, what I find is that there
```

| | | |
|---|---|---|
| 09:00AM | 1 | was no accusation of murder.  There was maybe some sort of my |
| 09:00AM | 2 | client was simply around when somebody was murdered, but being |
| 09:00AM | 3 | shot at as well as the other -- two other individuals who all |
| 09:00AM | 4 | ran. |
| 09:00AM | 5 | THE COURT:  The government also says that your client |
| 09:00AM | 6 | was the point man for bringing drugs in from Texas to Buffalo, |
| 09:00AM | 7 | which is not factor as to his involvement in this drug |
| 09:00AM | 8 | activity. |
| 09:00AM | 9 | MR. FOGG:  I know, Judge and that does bring some |
| 09:00AM | 10 | concern because I believe the only thing that might be -- and |
| 09:00AM | 11 | I've reviewed some of the material, I thank the government for |
| 09:01AM | 12 | providing it, but what I see is certain individuals |
| 09:01AM | 13 | postulating on circumstances, not getting great detail and |
| 09:01AM | 14 | just saying in theory how things work and then throwing his |
| 09:01AM | 15 | name in it, but nevertheless, that was something that was |
| 09:01AM | 16 | mentioned.  There was no documentation presented before Judge |
| 09:01AM | 17 | Scott and Judge Scott properly just focused, as he did on the |
| 09:01AM | 18 | murder, but in doing that, failed to consider all the other |
| 09:01AM | 19 | requirements. |
| 09:01AM | 20 | THE COURT:  Now, he had a number of other convictions |
| 09:01AM | 21 | and while he was -- I'm not sure I fully know exactly what |
| 09:01AM | 22 | happened here, but he was on parole? |
| 09:01AM | 23 | MR. FOGG:  Probation. |
| 09:01AM | 24 | THE COURT:  Probation and he committed other criminal |
| 09:01AM | 25 | acts while he was on probation? |

| | | |
|---|---|---|
| 09:01AM | 1 | MR. FOGG: No, Your Honor. What transpired -- and I |
| 09:01AM | 2 | don't know if counsel for the government or pretrial services |
| 09:02AM | 3 | would disagree, but most recently, he was on probation. He |
| 09:02AM | 4 | was arrested because there was an accusation of some sort of |
| 09:02AM | 5 | burglary. What transpired is that was one of the reasons why |
| 09:02AM | 6 | I was reserving my right to bring a bail motion later was |
| 09:02AM | 7 | because the accusation was false. It was dismissed in Buffalo |
| 09:02AM | 8 | City Court, but because of the arrest, he was placed in, I |
| 09:02AM | 9 | guess, revocation status. |
| 09:02AM | 10 | To resolve that issue, they revoked and restored with |
| 09:02AM | 11 | six months. Now, one would say okay well, there you go, but |
| 09:02AM | 12 | that's -- but the only basis for the revocation was a new |
| 09:02AM | 13 | arrest; an arrest in which, ultimately, was actually dismissed |
| 09:02AM | 14 | and found unsubstantiated. |
| 09:02AM | 15 | THE COURT: All right. What's the government's |
| 09:02AM | 16 | position on this? |
| 09:02AM | 17 | MR. PARISI: Your Honor, the government's position is |
| 09:02AM | 18 | that the defendant should be detained and that there exists no |
| 09:03AM | 19 | factors or combination of factors that the defendant could |
| 09:03AM | 20 | be -- show up to court and ensure that he would not be a |
| 09:03AM | 21 | danger to the community. Just with respect to the last point |
| 09:03AM | 22 | since were discussing it, I believe the allegations are that |
| 09:03AM | 23 | while he was on probation, he had two stints of probation |
| 09:03AM | 24 | through county court probation. The allegations in the |
| 09:03AM | 25 | current indictment, the overt acts that this defendant is |

09:03AM 1   alleged to have committed occurred while he was on probation
09:03AM 2   both the first time in 2008 and the second time in 2014 and
09:03AM 3   there has since been a violation of probation based on new
09:03AM 4   arrests.  I believe the defendant admitted the violation of
09:03AM 5   probation and received a six-month sentence to the newest
09:03AM 6   violation of probation.
09:03AM 7           With respect to the factors under 3142(g), I believe
09:03AM 8   Mr. Fogg concedes the nature of the charged offenses.  This
09:03AM 9   first factor weighs in favor of finding the defendant has not
09:04AM 10  rebutted the presumption that exists --
09:04AM 11          THE COURT:  If he's found guilty of these charges, is
09:04AM 12  he facing a lifetime imprisonment?
09:04AM 13          MR. PARISI:  Yes.
09:04AM 14          THE COURT:  That's not the typical case, Mr. Fogg,
09:04AM 15  when somebody is facing that kind of a penalty if he's
09:04AM 16  convicted.  Of course, that's a big if here, but still.
09:04AM 17          MR. FOGG:  Yes.  And that's, you know, the high end,
09:04AM 18  the maximum end.  It's not the minimum.
09:04AM 19          MR. PARISI:  Your Honor, I believe it is the minimum
09:04AM 20  in this case.
09:04AM 21          THE COURT:  The minimum is life?
09:04AM 22          MR. PARISI:  The minimum is life.
09:04AM 23          MR. FOGG:  And that could be under which count?
09:04AM 24          THE COURT:  Which count is that under?
09:04AM 25          MR. PARISI:  It's under the -- we filed the 851's in

```
09:04AM   1   this matter based on the defendant's prior narcotics
09:04AM   2   convictions and that would be under the drug conspiracy count.
09:04AM   3           MR. FOGG:  Under marijuana possession.
09:04AM   4           THE COURT:  Okay.  Well, whatever it is, he's facing
09:04AM   5   a substantial period of time here.
09:04AM   6           MR. FOGG:  Understand, Judge.
09:04AM   7           THE COURT:  Which works against your argument.
09:04AM   8           MR. FOGG:  It does work against the argument;
09:04AM   9   however, there are other factors at work for the argument and
09:05AM  10   with regard to that, following Judge Wolford's lead, she had
09:05AM  11   an inordinate and very detailed list of conditions that would
09:05AM  12   satisfy the Court's belief or feeling that he would not be a
09:05AM  13   threat to the community and that he would return.  I actually
09:05AM  14   parroted those things and added a few other things just to
09:05AM  15   satisfy any concerns that the Court may have and placed that
09:05AM  16   in the conclusion, Judge.
09:05AM  17           THE COURT:  Okay.
09:05AM  18           MR. FOGG:  Respectfully, Judge, you know, we
09:05AM  19   respectfully request that you take into great consideration
09:05AM  20   and I know the Court did and I thank the Court for the
09:05AM  21   opportunity to be heard on this issue.  I know the Court is
09:05AM  22   concerned and I know the Court will take the time to
09:05AM  23   contemplate the factual situations and the elements that are
09:05AM  24   required.
09:05AM  25           THE COURT:  Anything further from the government?
```

| | | |
|---|---|---|
| 09:05AM | 1 | MR. PARISI:  I would just like to note that the |
| 09:05AM | 2 | defendant did have prior convictions, two misdemeanors and two |
| 09:05AM | 3 | felonies in state court, I believe starting in 2004, then |
| 09:06AM | 4 | 2008, 2011, and 2014; two of which again, he received those |
| 09:06AM | 5 | sentences of probation and is alleged to have committed the |
| 09:06AM | 6 | acts that are currently under indictment. |
| 09:06AM | 7 | THE COURT:  I'll consider the matter submitted.  I'll |
| 09:06AM | 8 | have a decision out by the end of the week. |
| 09:06AM | 9 | MR. FOGG:  Thank you, Judge.  See you later today. |
| 09:06AM | 10 | THE COURT:  Court will be in recess. |
| 09:06AM | 11 | THE CLERK:  All rise. |
| 09:06AM | 12 | MR. FOGG:  Thank you, Judge. |
| 09:06AM | 13 | (Proceedings ended.) |

```
 1                  *    *    *    *    *    *    *

 2

 3             I certify that the foregoing is a

 4        correct transcription of the proceedings

 5        recorded by me in this matter.

 6

 7

 8

 9                              s/ Megan E. Pelka, RPR

10                              Court Reporter,
```