1               **UNITED STATES DISTRICT COURT**
                **WESTERN DISTRICT OF NEW YORK**
2
                                                    VOL. X
3
    UNITED STATES OF AMERICA,        )
4                                    ) Case No. 1:15-CR-00033
                                     )
5                    Plaintiff,      )
                                     )
6   vs.                              ) October 13th, 2017
                                     )
7   AARON HICKS,                     )
                                     )
8                    Defendant.      )

9

10          **TRANSCRIPT OF JURY TRIAL PROCEEDINGS**
          **BEFORE THE HONORABLE RICHARD J. ARCARA**
11          **SENIOR UNITED STATES DISTRICT JUDGE**

12

13  APPEARANCES:

14  For the Plaintiff:   JAMES P. KENNEDY, JR.
                         ACTING UNITED STATES ATTORNEY
15                       BY:  WEI XIANG, ESQ.
                              PAUL PARISI, ESQ.
16                       ASSISTANT UNITED STATES ATTORNEYS
                         138 Delaware Avenue
17                       Buffalo, NY 14202

18  For the Defendant    ROBERT ROSS FOGG, ESQ.
                         69 Delaware Avenue, Suite 600
19                       Buffalo, NY 14202

20  Court Reporter:      MEGAN E. PELKA, RPR
                         Robert H. Jackson Courthouse
21                       2 Niagara Square
                         Buffalo, NY 14202
12:43PM
12:43PM  22

23

24

25

| | | |
|---|---|---|
| 11:16AM | 1 | THE CLERK:  All rise.  You may be seated. |
| 11:16AM | 2 | THE COURT:  Well, we have a note here.  It says, we |
| 11:16AM | 3 | Are not close to a unanimous decision on any of the counts. |
| 11:16AM | 4 | We're arguing and don't feel like we can come to a unanimous |
| 11:16AM | 5 | decision.  We can't even agree on various items like what a |
| 11:16AM | 6 | group is.  Well, what do you think, gentlemen?  They've been |
| 11:16AM | 7 | deliberating about 11 hours. |
| 11:16AM | 8 | MR. FOGG:  I think. |
| 11:16AM | 9 | THE COURT:  Well, I got what are our options; |
| 11:16AM | 10 | mistrial, *Allen* charge?  I don't know what other options we |
| 11:17AM | 11 | have.  Brian, what was reported to you by the security |
| 11:17AM | 12 | officer? |
| 11:17AM | 13 | CSO. FINDLAY:  There was a lot of yelling. |
| 11:17AM | 14 | THE COURT:  Well, that's normal in the -- well, not |
| 11:17AM | 15 | normal, but it's certainly -- I heard it was -- the word I got |
| 11:17AM | 16 | it was pretty violent. |
| 11:17AM | 17 | CSO. FINDLAY:  Pretty extreme. |
| 11:17AM | 18 | MR. FOGG:  Judge, I don't want another scene of |
| 11:17AM | 19 | Twelve Angry Men. |
| 11:17AM | 20 | THE COURT:  Well, what are you gentlemen proposing? |
| 11:17AM | 21 | MR. PARISI:  Your Honor, can Mr. Xiang and I speak |
| 11:17AM | 22 | for one second? |
| 11:17AM | 23 | THE COURT:  Yeah, sure.  If there's any other |
| 11:17AM | 24 | options, let me know.  If there's a mistrial, it means we're |
| 11:17AM | 25 | going to be trying to case again. |

| | | |
|---|---|---|
| 11:17AM | 1 | MR. FOGG:  If the Court were to give to the *Allen* |
| 11:17AM | 2 | charge, what would the Court instruct? |
| 11:18AM | 3 | THE COURT:  We'll give you a copy of it.  Take a look |
| 11:18AM | 4 | at it.  This is basically 2nd Circuit Sand.  So, we'll take a |
| 11:18AM | 5 | five-minute break. |
| 11:18AM | 6 | MR. FOGG:  Thank you.  May I have Aaron remain. |
| 11:18AM | 7 | THE COURT:  Oh, yeah.  Sure. |
| 11:18AM | 8 | MR. FOGG:  Thank you, Judge. |
| 11:25AM | 9 | (Brief recess) |
| 11:25AM | 10 | THE CLERK:  All rise.  You may be seated. |
| 11:25AM | 11 | THE COURT:  All right.  Have you had a chance to |
| 11:25AM | 12 | discuss it with your colleagues or whatever? |
| 11:25AM | 13 | MR. PARISI:  Yes, Your Honor.  We did not discuss |
| 11:25AM | 14 | with each other, Mr. Fogg and the government yet, though may |
| 11:25AM | 15 | we speak -- |
| 11:27AM | 16 | (An off-the-record discussion was held.) |
| 11:27AM | 17 | MR. FOGG:  Your Honor, if I may? |
| 11:27AM | 18 | THE COURT:  Yeah. |
| 11:27AM | 19 | MR. FOGG:  Counsel of the government and I have |
| 11:27AM | 20 | conferred.  We spoke.  We believe that based on the actions of |
| 11:27AM | 21 | the jurors that we heard in their deliberations, a mistrial |
| 11:27AM | 22 | might be the best determination.  However, reading the *Allen* |
| 11:27AM | 23 | charge, I think it might be best to at least give them the |
| 11:27AM | 24 | opportunity to hear your instructions and to come to some -- |
| 11:27AM | 25 | come again and say, no, we can't do this.  I think my thought |

11:27AM   1   was maybe it's best -- I'm thinking a mistrial is probably

11:27AM   2   where we're going, but I'm thinking maybe we should give them

11:27AM   3   the charge and then come back and say not even with this can

11:28AM   4   we come close.  That was my thought.  The government is of the

11:28AM   5   position and I don't mean to speak for them, but in the same

11:28AM   6   position which is, we're going to have to declare a mistrial

11:28AM   7   because they're not even close on basic terms and they say

11:28AM   8   they're not close.  If they said they were close on one count,

11:28AM   9   two counts, but no count and no term.  So, they believe a

11:28AM  10   mistrial, but I'm thinking in my mind, maybe we should just

11:28AM  11   give them another chance to exhaust all our possibilities

11:28AM  12   before we go anywhere else and I put to counselor for the

11:28AM  13   government that we let Your Honor decide.

11:28AM  14        THE COURT:  Your position, you want me to give the

11:28AM  15   *Allen* charge?

11:28AM  16        MR. PARISI:  I think Mr. Fogg summed up what we spoke

11:28AM  17   about.  I think that's a fair assessment.  We do believe that

11:28AM  18   this is headed for a mistrial.  The jurors were yelling and

11:28AM  19   cursing at each other back there and did not -- they've sent

11:28AM  20   two notes now, one yesterday and one today that they are

11:28AM  21   essentially deadlocked.  I don't know that an *Allen* charge is

11:29AM  22   going to help, but I think the Court should provide an *Allen*

11:29AM  23   charge and then we'll revisit in a few hours.

11:29AM  24        MR. FOGG:  I don't think we need all day.  Let's just

11:29AM  25   figure out if based on what the Court reads to them, can they

11:29AM    1   still go in there and deliberate and honestly --

11:29AM    2         THE COURT:  I'm not going to ask them that.  I mean,

11:29AM    3   they just indicated they can't.  I mean, if you want the *Allen*

11:29AM    4   charge, I'll give it.

11:29AM    5         MR. FOGG:  What's the Court's direction?  I mean, how

11:29AM    6   do you feel on this?

11:29AM    7         THE COURT:  Well, I will leave it up to you.  I'm

11:29AM    8   going to leave it up to counsel as to what this is.  This is

11:29AM    9   -- from the report that I've, that's is a very rare report

11:29AM   10   that I have ever received in my 29 years as a judge.

11:29AM   11         MR. FOGG:  Really?

11:29AM   12         THE COURT:  That they are really going at each other.

11:29AM   13   I'm not using -- Brian, who was the security officer out

11:29AM   14   there?

11:29AM   15         CSO. FINDLAY:  Don Young.

11:29AM   16         THE COURT:  Why don't you have him -- why don't you

11:29AM   17   have him come in for a second?  Tell him I want him to say

11:30AM   18   exactly what he heard or what his impressions were.  I mean, I

11:30AM   19   don't know what's what, but the only person that is anywhere

11:30AM   20   near that jury deliberation room to hear anything is really

11:30AM   21   the security officer.  I don't have a pipeline in there, but

11:30AM   22   the report I have sounded pretty strong and I haven't -- I've

11:30AM   23   been a judge, I've tried a lot of cases.  That's about as

11:30AM   24   strong as I've ever heard if not the strongest.

11:30AM   25         MR. FOGG:  That highly unusual Your Honor?

11:30AM   1          THE COURT:  To hear the report I heard, I found that

11:30AM   2     very unusual.  I mean, they have been deliberating a while.

11:30AM   3     It's about 11 hours and remember that both days they -- they

11:30AM   4     deliberated last night until.

11:30AM   5          MR. FOGG:  Seven.

11:30AM   6          THE COURT:  Which is very unusual.  Usually, I send

11:30AM   7     the jury home and there hasn't been a lot of readbacks.  It

11:30AM   8     isn't like all the time they're deliberating that there were

11:30AM   9     like, most of the time spent on readback.  The readback was

11:30AM  10     only like, 30 minutes or so, which concerns me as far as, have

11:31AM  11     they really reached a point.

11:31AM  12          CSO. FINDLAY:  He's on his way up.  He was relieved.

11:31AM  13     He's on his way back up.

11:31AM  14          THE COURT:  Let's get exactly from the horse's mouth.

11:31AM  15          MR. FOGG:  Understand, Judge.

11:33AM  16          THE COURT:  I might also add that my court reporter

11:33AM  17     was sitting, I guess, here during the deliberation and

11:33AM  18     indicated to me that she couldn't hear what they were saying,

11:33AM  19     but she could hear voices, which is kind of unusual since

11:33AM  20     they've got to go through two very thick doors and the

11:33AM  21     distance has got to be at least 75 feet with two doors and a

11:33AM  22     big air space.

11:33AM  23          Don, what did you hear who you were outside the door

11:33AM  24     just basically what you heard?

11:33AM  25          CSO. YOUNG:  Very loud confrontation, a lot of foul

| | | |
|---|---|---|
| 11:33AM | 1 | language. |
| 11:33AM | 2 | THE COURT:  Yes. |
| 11:33AM | 3 | CSO. YOUNG:  Extreme to the point I had to make sure |
| 11:33AM | 4 | nothing was going on inside. |
| 11:33AM | 5 | THE COURT:  You didn't go into the jury deliberation |
| 11:33AM | 6 | room? |
| 11:33AM | 7 | CSO. YOUNG:  No, I did not. |
| 11:34AM | 8 | THE COURT:  You were concerned it was getting violent |
| 11:34AM | 9 | or I don't want to put words in your mouth. |
| 11:34AM | 10 | CSO. YOUNG:  To the point where I was prepared to go |
| 11:34AM | 11 | in because it was so loud and so vulgar between certain people |
| 11:34AM | 12 | in there, I wanted to be prepared if something did happen. |
| 11:34AM | 13 | THE COURT:  Okay.  Thanks, Don.  I have never in 29 |
| 11:34AM | 14 | years ever heard anything like that. |
| 11:34AM | 15 | MR. PARISI:  Your Honor, with that, the last reports |
| 11:34AM | 16 | and due to the note that we had yesterday about there was an |
| 11:34AM | 17 | impasse and due to the note that we have just received that |
| 11:34AM | 18 | they are not close to a unanimous decision on any of the |
| 11:34AM | 19 | counts, we are arguing, don't feel we will ever come to a |
| 11:34AM | 20 | unanimous decision, we can't even agree on basic terms like |
| 11:34AM | 21 | what a group is, the government's position is that a mistrial |
| 11:34AM | 22 | needs to be declared.  It appears there is a manifest |
| 11:34AM | 23 | necessary for the declaration of a mistrial.  The jury has |
| 11:34AM | 24 | been getting to the point of potential violence, with the |
| 11:34AM | 25 | vulgar language, with the yelling and how loud it's becoming |

| | | |
|---|---|---|
| 11:35AM | 1 | in the deliberation room and it doesn't appear that they are |
| 11:35AM | 2 | anywhere near close to any sort of verdict, so the government. |
| 11:35AM | 3 | MR. FOGG:  Judge -- |
| 11:35AM | 4 | MR. PARISI:  I'm sorry and that it appears to be that |
| 11:35AM | 5 | the deadlock is in tractable with respect to the defendant on |
| 11:35AM | 6 | all counts. |
| 11:35AM | 7 | MR. FOGG:  I see we're reading from a book.  Judge, |
| 11:35AM | 8 | I'm a sailor.  I swear up and down, left and right.  That's |
| 11:35AM | 9 | doesn't mean I'm going to go to blows and sometimes, I've very |
| 11:35AM | 10 | expressive.  I don't know what's going on in there and it |
| 11:35AM | 11 | is -- |
| 11:35AM | 12 | THE COURT:  It's unusual. |
| 11:35AM | 13 | MR. FOGG:  It's highly unusual.  We cannot speculate |
| 11:35AM | 14 | that there's violence.  So, just because somebody says a few |
| 11:35AM | 15 | expletives and curse words doesn't necessarily mean that. |
| 11:35AM | 16 | However, I will agree that this unusual.  For me, I want these |
| 11:35AM | 17 | guys to come to a decision.  I do. |
| 11:35AM | 18 | THE COURT:  Well, so does everyone. |
| 11:35AM | 19 | MR. FOGG:  If they can't, I understand, but the *Allen* |
| 11:35AM | 20 | charge, the purpose of the *Allen* charge is that to -- for the |
| 11:36AM | 21 | purpose of forcing them together or to give them direction as |
| 11:36AM | 22 | to how to deliberate? |
| 11:36AM | 23 | THE COURT:  Well, I think it's a little bit of -- I |
| 11:36AM | 24 | don't think it's forcing them.  There's enough cautionary |
| 11:36AM | 25 | language in there, but I think what it's trying to do is |

| | | |
|---|---|---|
| 11:36AM | 1 | trying to get them there to re-evaluate your position, even |
| 11:36AM | 2 | though it may be hard.  Does that -- my experience is -- I |
| 11:36AM | 3 | don't know, you've read the proposed *Allen* charge.  I've |
| 11:36AM | 4 | only -- I think given the *Allen* charge maybe I'm just taking |
| 11:36AM | 5 | an educated guess, somewhere might be five times in 29 years |
| 11:36AM | 6 | which not very often.  Obviously, we all want a verdict.  We |
| 11:36AM | 7 | spent two and a half weeks at this trial.  So, your position |
| 11:36AM | 8 | is you want the *Allen* charge? |
| 11:37AM | 9 | MR. FOGG:  I'd like you to give them the *Allen* charge |
| 11:37AM | 10 | but at the same time, I don't want them staying in there |
| 11:37AM | 11 | forever. |
| 11:37AM | 12 | THE COURT:  What do you want me to -- I can give them |
| 11:37AM | 13 | the *Allen* charge, then what do you want me to do, wait for |
| 11:37AM | 14 | another note?  I mean, if that's what you want me to do, I'll |
| 11:37AM | 15 | do it. |
| 11:37AM | 16 | MR. FOGG:  Well, I would say wait for another note or |
| 11:37AM | 17 | give them, you know, just between, you know, this courtroom |
| 11:37AM | 18 | right now without their knowledge, maybe give them until 1 or |
| 11:37AM | 19 | 2. |
| 11:37AM | 20 | THE COURT:  I'm not going to bring them in there |
| 11:37AM | 21 | unless I get a note.  I'm not going to bring the jury in just |
| 11:37AM | 22 | to say, how are you doing, folks?  This is too serious. |
| 11:37AM | 23 | MR. FOGG:  Then, let's wait for another note. |
| 11:37AM | 24 | THE COURT:  All right.  Bring the jury back.  We'll |
| 11:37AM | 25 | give the *Allen* charge. |

11:38AM    1    (The jury entered the room at 11:38 a.m.)

11:38AM    2        THE COURT:  Mr. DiCarlo, I have received another note

11:38AM    3    that will be marked Court Exhibit 15 that says that we are not

11:38AM    4    close to a unanimous decision on any of the counts.  We are

11:38AM    5    arguing and don't feel that we will ever come to a unanimous

11:38AM    6    decision as we can't even agree on the basic terms, like what

11:38AM    7    a group is.  I'm going to give you a charge.  This may help

11:38AM    8    give you further guidance.

11:38AM    9        As I told you in my original instructions, this case

11:39AM   10    is an important one for the government.  It is equally

11:39AM   11    important to the defendant.  It is desirable if a verdict can

11:39AM   12    be reached, but your verdict must reflect the conscientious

11:39AM   13    judgment of each juror and under no circumstances must any

11:39AM   14    juror yield his or her conscientious judgment.  You have

11:39AM   15    deliberated approximately 11 hours, from my calculations, on

11:39AM   16    the trial that took under two weeks to try.

11:39AM   17        Again, it's normal for jurors to have differences.

11:39AM   18    This is quite common.  Frequently, after extended discussion,

11:39AM   19    jurors may find that a point of view that originally

11:39AM   20    represented a fair and considered judgment might well yield

11:39AM   21    upon the basis of an argument and upon the facts and the

11:39AM   22    evidence.  However, I emphasize this, that no juror must vote

11:40AM   23    for ay verdict unless after full discussion and consideration

11:40AM   24    of the issues an exchange of views represents his or her

11:40AM   25    considered judgment.  Further consideration may indicate that

| | |
|---|---|
| 11:40AM | 1 |
| 11:40AM | 2 |
| 11:40AM | 3 |
| 11:40AM | 4 |
| 11:40AM | 5 |
| 11:40AM | 6 |
| 11:40AM | 7 |
| 11:40AM | 8 |
| 11:40AM | 9 |
| 11:41AM | 10 |
| 11:41AM | 11 |
| 11:41AM | 12 |
| 11:41AM | 13 |
| 11:41AM | 14 |
| 11:41AM | 15 |
| 11:41AM | 16 |
| 11:41AM | 17 |
| 11:41AM | 18 |
| 11:41AM | 19 |
| 11:41AM | 20 |
| 11:41AM | 21 |
| 11:41AM | 22 |
| 11:41AM | 23 |
| 11:42AM | 24 |
| 11:42AM | 25 |

a change in the original attitude is fully justified upon the law and all the facts.  I'd like to read to you a statement from the Supreme Court opinion that is well known to judges and jurors and I'm quoting, that although a verdict must be the verdict of each individual juror and not the mere acquiescence and the conclusions of his fellows, yet they should examine the questions submitted with candor and with the proper regard in deference to the opinions of each other. That is their duty.  To decide the case if they can conscientiously to do so, but they should listen with a disposition to be convinced to each other's arguments that if a much larger number were for conviction, a dissenting juror should consider whether his or her doubt was a reasonable one that made no impression on the minds of so many men and women. Equally honest, equally intelligent within himself or herself. If, upon the other hand, the majority was for acquittal, minority ought to ask themselves whether they might not reasonable doubt the correctness of a judgment that was not concurred in by the majority.  That's the end of the quote of the Supreme Court.

Now, I don't mean to suggest that a position is necessarily correct merely because a greater number of jurors agreed with it.  Those in the majority should also consider all reasonable arguments and opinions of those in the minority.  I remind you that the government bears the burden

11:42AM   1   of proving each element of each offense beyond a reasonable

11:42AM   2   doubt.  Do not ever change your mind just because the other

11:42AM   3   jurors see things differently or just to get the case over

11:42AM   4   with.  As I told you before, in the end, your vote must be

11:42AM   5   exactly that, your vote.  As important as it is for you to

11:42AM   6   reach a unanimous agreement, just as important that you do so

11:42AM   7   honestly and in good conscience.  What I have said is not

11:42AM   8   meant to rush or pressure you into agreeing on a verdict.

11:42AM   9   Take as much time as you need to discuss things.  There is no

11:42AM   10  hurry.  With that further instruction, folks, I am going to

11:42AM   11  send you back in for further deliberation.  All right?  Go

11:42AM   12  back in.

11:43AM   13  (The jury left the room at 11:43 a.m.)

11:43AM   14       THE COURT:  All right.  Stick around.  Court will be

11:43AM   15  in recess.

11:43AM   16       THE CLERK:  All rise.

11:43AM   17  (Deliberations continued at 11:43 a.m.)

02:08PM   18  (The jury entered the room at 2:08 p.m.)

02:09PM   19       THE COURT:  Good afternoon, everyone.  We have a note

02:09PM   20  and you got a break.  That's been taken care of.  And you want

02:09PM   21  a readback on Aaron Hicks' testimony regarding college

02:09PM   22  roommate and selling drugs in Edinboro, any contact with coach

02:09PM   23  and two, his cross-examination on these topics.  Okay.  You're

02:09PM   24  all set.  Megan?

02:09PM   25  (The reporter read the requested testimony.)

02:09PM    1    (Jury left the room at 2:09 p.m.)

02:09PM    2    (Brief recess)

03:03PM    3             THE COURT:  Gentlemen, you have seen the next note.

03:03PM    4    I need a clarification from the jury and here's what I intend

03:03PM    5    to send them, ladies and gentlemen, I received a note from you

03:04PM    6    which has been marked as Court Exhibit 18.  The note reads, on

03:04PM    7    Count 1, what part needs to be proven in order to determine

03:04PM    8    guilt?  Paragraphs 9 and 10 are the paragraphs.

03:04PM    9    Unfortunately, I need clarification before I can answer your

03:04PM   10    question.  By other paragraphs, are you referring to the overt

03:04PM   11    acts charged in paragraph 12 of the indictment or some other

03:04PM   12    paragraph of the indictment?  Then I've got to check off overt

03:04PM   13    acts another -- check off another -- and other paragraphs,

03:04PM   14    please specify.

03:04PM   15             I think that explains or helps me understand what the

03:04PM   16    question is.  So, I'm going to send that to them.  If anyone

03:04PM   17    has any objection, put your objections on the record.

03:04PM   18    Otherwise, I don't know how to answer the question.

03:04PM   19             MR. FOGG:  I don't know either.  So, I have no

03:04PM   20    objection.

03:04PM   21             THE COURT:  I think it just -- are you talking about

03:04PM   22    the overt acts or are you talking about some other paragraphs?

03:04PM   23    If you are, tell us what they are.  I just don't know what

03:05PM   24    they mean.  So, we'll send this into them.  Today is the 13th.

03:05PM   25    Okay.

| 03:05PM | 1 | MR. FOGG:  Yes, Your Honor. |

03:05PM    1    MR. FOGG:  Yes, Your Honor.

03:05PM    2    THE COURT:  Thank you, gentlemen.  Did you want a

03:05PM    3    copy of that?  I'll make copies and give you copies of it.

03:06PM    4    Okay?  I'm sure I'll get a note back shortly and we'll show it

03:06PM    5    to you.

03:22PM    6    (Brief recess)

03:26PM    7    THE CLERK:  All rise.  You may be seated.

03:26PM    8    THE COURT:  All right.  I have given you a copy of

03:26PM    9    Court Exhibit 18, counsel, which was the answer to the

03:27PM   10    question that I posed to the jury because I didn't understand

03:27PM   11    exactly what they were asking for.  And they have responded

03:27PM   12    and you have seen the response.  And it refers to overt acts.

03:27PM   13    And the further response is, do all acts listed in

03:27PM   14    Count 1 need to be proven or just any two of them?  And I've

03:27PM   15    given you a copy of my response.  I think that's an accurate

03:27PM   16    statement of the law.  If you have an objection, put it on the

03:27PM   17    record, otherwise this is what I'm going to do.

03:27PM   18    MR. XIANG:  We agree, Judge.

03:27PM   19    THE COURT:  This is the best I can -- my

03:27PM   20    understanding of the law.

03:27PM   21    MR. XIANG:  Yes, Judge.

03:27PM   22    MR. FOGG:  Mine as well.

03:27PM   23    THE COURT:  Okay.  Bring the jury in.  I'll read it

03:27PM   24    to them and then I will give them a copy of it and it will be

03:27PM   25    marked Court Exhibit -- the next Court Exhibit and I will give

03:27PM   1   them copies of the exhibit --

03:27PM   2          Do you have copies of those blank questionnaires?

03:27PM   3   Okay.  We'll give them some more copies.

03:28PM   4   (The jury entered the room at 3:28 p.m.)

03:28PM   5          THE COURT:  Good afternoon, ladies and gentlemen.  I

03:28PM   6   have received a response to the question that I asked and

03:28PM   7   checked off overt acts and you further indicated that:  Do all

03:28PM   8   of the acts listed in Count 1 need to be proven or just only

03:28PM   9   two of them?

03:28PM   10         And the answer to that question -- this is my

03:28PM   11  instruction to you, which I'll provide a copy to you.  I

03:29PM   12  received your response to my question, which we marked Court

03:29PM   13  Exhibit Number 19.  To prove the defendant guilty of Count 1,

03:29PM   14  the government must prove beyond a reasonable doubt the three

03:29PM   15  elements of racketeering conspiracy, as I described those

03:29PM   16  elements to you in my instructions.

03:29PM   17         To prove the defendant guilty of Count 1, the

03:29PM   18  government is not required to prove that the defendant or any

03:29PM   19  alleged conspirators engaged in any of the particular overt

03:29PM   20  acts charged in paragraph 12 of the indictment.  However, to

03:29PM   21  prove the defendant guilty of Count 1, the government must

03:29PM   22  prove that the defendant, or any other member of the alleged

03:29PM   23  racketeering conspiracy, agreed to commit two racketeering

03:29PM   24  acts as alleged in paragraph 9 of the indictment.

03:29PM   25         I explained this element to you in detail in my

03:29PM  1   original charge, as well as in my response to a question you

03:29PM  2   asked yesterday.  My answer to that question was provided to

03:29PM  3   you in Court Exhibit 6.  I refer you back to my original

03:30PM  4   instructions, as well as my response to your question

03:30PM  5   yesterday for further clarification.

03:30PM  6          I remind you, however, that you must read my

03:30PM  7   instructions as a whole and you should not single out any

03:30PM  8   particular instruction as alone stating the law.  That is my

03:30PM  9   response.  I think that is a fairly accurate response to the

03:30PM  10  question you posed to me.  So, I'll give you a copy of this.

03:30PM  11  All right?  You may return.

03:30PM  12         And I will also give you copies of the blank

03:30PM  13  questionnaires that you asked filled out.

03:30PM  14  (The jury left the room at 3:30 p.m.)

03:52PM  15  (Brief recess)

03:52PM  16         THE CLERK:  All rise.  You may be seated.

03:54PM  17         THE COURT:  All right.  I believe you have seen the

03:54PM  18  most recent note, which is dated 3:35.  This is Court Exhibit

03:54PM  19  what?

03:54PM  20         THE CLERK:  The recent note is 21.

03:54PM  21         THE COURT:  Does the government need to prove the

03:54PM  22  defendant or the alleged conspirator was engaged in

03:54PM  23  accusations included in paragraphs 1 through 8?

03:54PM  24         I have provided a copy to counsel of my response.  I

03:54PM  25  think it's a fairly accurate response, legal response to the

03:54PM   1   question.  Anybody has any objections, put them on the record.

03:54PM   2   This what I intend to charge.

03:54PM   3           MR. XIANG:  Yes, Judge.  We have none.

03:54PM   4           MR. FOGG:  We're in agreement, Judge.

03:54PM   5           THE COURT:  Okay.  Bring the jury in.

03:54PM   6   (The jury entered the room at 3:54 p.m.)

03:55PM   7           THE COURT:  Good afternoon, ladies and gentlemen.  I

03:55PM   8   have received another note.  Mr. DiCarlo, the note is Court

03:55PM   9   Exhibit 21; states that, does the government need to prove the

03:55PM  10   defendant or an alleged conspirator was engaged in accusations

03:55PM  11   included in paragraphs 1 though 8?

03:56PM  12           Here's my response and you will have a copy of this.

03:56PM  13   I received your question, which is marked as Court Exhibit 21.

03:56PM  14   Your note reads, does the government need to prove the

03:56PM  15   defendant or an alleged conspirator was engaged in accusations

03:56PM  16   included in paragraphs 1 through 8?

03:56PM  17           To prove the defendant guilty of Count 1, the

03:56PM  18   government does not need to prove that the defendant or an

03:56PM  19   alleged conspirator engaged in any particular act alleged in

03:56PM  20   paragraphs 1, 3, 4, 5, 6, 7 or 8 of the indictment.

03:56PM  21           As for the allegation in paragraph 2 of the

03:56PM  22   indictment, I remind you that the government must prove the

03:56PM  23   three elements of Count 1, as I explained them to you in my

03:56PM  24   original instructions.  The government need not prove

03:56PM  25   individual paragraphs of the indictment.  However, the

03:56PM  1  allegations in paragraph two is, in substance, contained in

03:57PM  2  the three elements of the racketeering conspiracy to those

03:57PM  3  elements that you must find beyond a reasonable doubt to find

03:57PM  4  the defendant guilty of Count 1.

03:57PM  5          Once again, I remind you that you must read my

03:57PM  6  instructions as a whole.  You should not single out any

03:57PM  7  particular instruction as alone stating the law.

03:57PM  8          All right?  That's my response to your question.

03:57PM  9  Thank you.  I'll provide a copy of this to you and that will

03:57PM  10 be marked Exhibit 22.

03:57PM  11 (The jury left the room at 3:57 p.m.)

03:57PM  12         THE COURT:  All right.  Stick around, ladies and

03:58PM  13 gentlemen.

03:58PM  14         THE CLERK:  All rise.

04:22PM  15 (Brief recess)

04:24PM  16         THE COURT:  We have received a note.  The jury has

04:24PM  17 indicated that they have a unanimous verdict on two of the

04:24PM  18 three counts.  We are constantly reporting and repeatedly

04:24PM  19 deadlocked on Count 1 -- on one count.  Not on Count 1.

04:24PM  20 Despite obtaining further repeated instructions from the

04:24PM  21 Court, we are requesting an early dismissal today.

04:24PM  22         I'm not going to deal with the dismissal, but here's

04:24PM  23 my response.  The Court has received a note from the jury,

04:24PM  24 dated October 13th, 2017 at 4:10, which has been marked as

04:24PM  25 Court Exhibit 23.  The question reads as follows -- I read the

04:25PM  1   question.

04:25PM  2        I now instruct you that if, after conscientious

04:25PM  3   deliberations, you are only able to reach a verdict concerning

04:25PM  4   some of the counts, you may return a verdict concerning those

04:25PM  5   counts.  You are not required to return a partial verdict.

04:25PM  6   The purpose of this instruction is simply to inform you that

04:25PM  7   you may return a partial verdict.  The return of a partial

04:25PM  8   verdict is neither encouraged nor discouraged by the Court.

04:25PM  9        I will send you back to the jury deliberation room.

04:25PM 10   If you decide to render a partial verdict, please advise me by

04:25PM 11   note, indicating that is your wish.  I will provide you with

04:25PM 12   further instructions.  I remind you that you should not reveal

04:25PM 13   your verdict or lack thereof as to any counts or the

04:25PM 14   defendants -- the defendant until you are asked to do so by me

04:25PM 15   in open court.

04:25PM 16        Okay.  That's my response.  If you have an objection,

04:25PM 17   put it on the record.  I think that responds accurately to the

04:26PM 18   jury.  At one time, we were considering advising them about a

04:26PM 19   partial verdict.  And then we had a note and the note had

04:26PM 20   indicated that they were not in agreement and I decided not to

04:26PM 21   give them that instruction.  So, I think we're at that point

04:26PM 22   now, since they opened the door, I feel now this is an

04:26PM 23   accurate response to the question.

04:26PM 24        MR. FOGG:  May I ask for explanation, Judge, or

04:26PM 25   clarification or information?  With the partial verdict, what

04:26PM    1    happens with the one that they have not decided?

04:26PM    2         THE COURT:  What is going to happen with that, I will

04:26PM    3    accept it and I will discharge the jury.

04:26PM    4         MR. FOGG:  And then, what do we do with the one

04:26PM    5    verdict they haven't --

04:26PM    6         THE COURT:  That's going to be up to the U.S.

04:26PM    7    Attorney's Office, depending on what it is.  We won't know

04:26PM    8    what it is, but it will be up to the U.S. Attorney.

04:26PM    9         If they find him guilty on Counts 1 and 2, we'll make

04:27PM   10    a decision.  If they find him not guilty on Counts 1 and 2,

04:27PM   11    we'll make a decision, but that one count will still remain.

04:27PM   12    It's up to them, to the U.S. Attorney's Office, as to what

04:27PM   13    they want to do with it.

04:27PM   14         MR. FOGG:  To pursue it during trial or do something

04:27PM   15    else?

04:27PM   16         THE COURT:  I'm going to discharge them.  It will be

04:27PM   17    a new trial or whatever.

04:27PM   18         MR. FOGG:  Understand, Judge.

04:27PM   19         THE COURT:  All I'm going to do is, they have

04:27PM   20    received -- I've received some very strong notes and you've

04:27PM   21    all seen them.

04:27PM   22         MR. FOGG:  Yes.

04:27PM   23         THE COURT:  They've been deliberating and it seems to

04:27PM   24    me that they've reached the point -- in fact, I think we all

04:27PM   25    agree, the government didn't want the *Allen* charge.  You

| | | |
|---|---|---|
| 04:27PM | 1 | wanted it.  I gave it to them. |
| 04:27PM | 2 | MR. FOGG:  Yes. |
| 04:27PM | 3 | THE COURT:  And it appears that, as a result of the |
| 04:27PM | 4 | *Allen* charge, they were able to further discuss or deliberate, |
| 04:27PM | 5 | but we came very close, at that point in time, to accept a |
| 04:27PM | 6 | mistrial, as you remember.  So, we decided -- I decided to |
| 04:27PM | 7 | give an *Allen* charge, as you requested, Mr. Fogg. |
| 04:28PM | 8 | MR. FOGG:  Yes. |
| 04:28PM | 9 | THE COURT:  So, that's where I think where we are |
| 04:28PM | 10 | right now.  I think that's a pretty good recap of everything |
| 04:28PM | 11 | that's been going on. |
| 04:28PM | 12 | MR. XIANG:  Yes, Judge. |
| 04:28PM | 13 | THE COURT:  Okay.  Let's bring the jury back.  Wait a |
| 04:28PM | 14 | second.  The word that was -- it was -- defendants was the |
| 04:28PM | 15 | wrong word.  It should have been questions.  That makes more |
| 04:28PM | 16 | sense. |
| 04:28PM | 17 | MR. FOGG:  Not defendant -- or not defendants, but |
| 04:28PM | 18 | questions? |
| 04:28PM | 19 | THE COURT:  Yeah.  It should be questions, yes. |
| 04:28PM | 20 | That's what it was. |
| 04:28PM | 21 | MR. FOGG:  All right. |
| 04:28PM | 22 | THE COURT:  I knew it didn't sound right.  By the |
| 04:28PM | 23 | way, we're operating at 200 miles an hour, trying to respond |
| 04:28PM | 24 | as quickly as we can. |
| 04:28PM | 25 | MR. FOGG:  I think it's fantastic. |

04:28PM   1          THE COURT:  These are not the easiest questions to

04:28PM   2    work through, but based on my experience, I feel that these

04:29PM   3    are fairly accurate responses to the questions, both legally

04:29PM   4    and factually.  Okay.  Bring the jury in.

04:29PM   5    (The jury entered the room at 4:29 p.m.)

04:30PM   6          THE COURT:  Ladies and gentlemen, once again, good

04:30PM   7    afternoon.  I have received a note, dated October 13th at

04:30PM   8    4:10, which has been marked as Court Exhibit 23.  The question

04:30PM   9    reads as follows, we have come to a unanimous agreement on

04:30PM   10   Count 2 of the 3 counts.  We are consistently and repeatedly

04:30PM   11   deadlocked on one count, despite obtaining repeated

04:30PM   12   instructions from the Court.  We are requesting an early

04:30PM   13   dismissal today.

04:30PM   14          I now instruct you that, if after a conscientious

04:30PM   15   deliberation you are only able to reach a verdict concerning

04:30PM   16   some of the counts, you may return a verdict concerning those

04:30PM   17   counts.  You are not required to return a partial verdict.

04:30PM   18   The purpose of this instruction is simply to inform you that

04:30PM   19   you may return a partial verdict.  The return of a partial

04:30PM   20   verdict is neither encouraged nor discouraged by the Court.

04:31PM   21          I'm going to send you back to the jury room --

04:31PM   22   deliberation room.  If you decide to render a partial verdict,

04:31PM   23   please send me a note indicating that you have and I will

04:31PM   24   provide you with further instructions.  I remind you that you

04:31PM   25   should not reveal your verdict or lack thereof as to any of

04:31PM   1    the counts or questions until you are asked to do so by me in

04:31PM   2    open court.

04:31PM   3            I think that answers the question.  Okay?  Send you

04:31PM   4    back.  You want a copy of this?

04:31PM   5            THE FOREPERSON:  Sure.

04:31PM   6            THE COURT:  We'll give you a copy.  Mark it as 24.

04:31PM   7    (The jury left the room at 4:31 p.m.)

04:32PM   8            THE COURT:  All right.  I assume we'll get a note

04:32PM   9    shortly, I don't know, so everyone probably should just stay

04:32PM  10    where we are.  Let's see if we can.

04:32PM  11            THE CLERK:  All rise.

04:43PM  12    (Brief recess)

04:43PM  13    (The jury entered the room at 4:43 p.m.)

04:43PM  14            THE CLERK:  All rise.

04:43PM  15            THE COURT:  Please be seated.  Ladies and gentlemen,

04:43PM  16    I have received a note, which will be marked as Court Exhibit

04:44PM  17    24.  The note reads, we have reached a partial verdict and our

04:44PM  18    wish is to render it.

04:44PM  19            Just so that we get this correct, okay, I'm going to

04:44PM  20    just tell you what you may have already done this.  Okay?  But

04:44PM  21    I want to make sure this was done properly.  Okay?  So, listen

04:44PM  22    very carefully.

04:44PM  23            For Counts 1, 2 and 3, you should indicate on the

04:44PM  24    verdict sheet whether you have reached a verdict of guilty, a

04:44PM  25    verdict of not guilty or whether you were unable to reach a

04:44PM    1    unanimous decision on guilty or not guilty.  Okay?  So, it

04:44PM    2    will be guilty, not guilty or unable to reach it.  So, you may

04:44PM    3    have already done this, but I want to make sure that we do it

04:44PM    4    correctly.  Okay?

04:44PM    5        If you make a unanimous finding of guilty on Count 1

04:44PM    6    and/or Count 2 and you were able to make a unanimous decision

04:44PM    7    on the special factor or factors you were required to answer

04:44PM    8    for those counts, please so indicate on the verdict form.

04:45PM    9    Okay?  Does everyone understand that?  And I'll give you this

04:45PM   10    instruction because I want to make sure you do it because I

04:45PM   11    don't want to look at it and make sure that -- and have to

04:45PM   12    send you back because it isn't done the way I'm instructing

04:45PM   13    you.

04:45PM   14        If, on the other hand, you make a unanimous verdict

04:45PM   15    of guilty on Count 1 and/or Count 2 and you were unable to

04:45PM   16    reach a unanimous decision on any of the special factors of

04:45PM   17    those counts, please indicate on the verdict from which of the

04:45PM   18    special factor or factors you were unable to reach a unanimous

04:45PM   19    decision.  Okay?

04:45PM   20        I think that's clear.  Once you have completed the

04:45PM   21    verdict form as I've just instructed you, please send me a

04:45PM   22    note saying that you have completed the verdict form.  I

04:45PM   23    remind you not to disclose your verdict or lack thereof of any

04:45PM   24    count or question until I ask you to do so in open court.  It

04:45PM   25    will be in the envelope.  It will be sealed and we'll open it

| | | |
|---|---|---|
| 04:45PM | 1 | in open court. |
| 04:45PM | 2 | When discussing your verdict in open court, your |
| 04:46PM | 3 | foreperson should orally indicate which -- we will ask you the |
| 04:46PM | 4 | questions, the deputy court clerk will ask the questions, |
| 04:46PM | 5 | whether you were unable to reach -- whether you were able or |
| 04:46PM | 6 | unable to reach a unanimous verdict by stating unable to reach |
| 04:46PM | 7 | a verdict or words to that affect.  Okay?  We'll do that in |
| 04:46PM | 8 | open court.  But the point of this, I want to make sure that |
| 04:46PM | 9 | you do fill out the sheet completely.  Okay? |
| 04:46PM | 10 | All right.  I'll send this back and you send me a |
| 04:46PM | 11 | note that you have completed it according to the instructions |
| 04:46PM | 12 | and we'll bring you in here and at that time take the partial |
| 04:46PM | 13 | verdict.  Okay?  All right.  I'll give you a copy of this. |
| 04:46PM | 14 | (The jury left the room at 4:46 p.m.) |
| 04:47PM | 15 | THE COURT:  All right.  Let's everyone stay put.  I'm |
| 04:47PM | 16 | sure we'll get a response within the next five minutes.  I |
| 04:47PM | 17 | don't know.  I'm assuming. |
| 04:55PM | 18 | (Brief recess) |
| 04:55PM | 19 | (The jury entered the room at 4:55 p.m.) |
| 04:57PM | 20 | THE CLERK:  All rise.  You may be seated. |
| 04:57PM | 21 | THE COURT:  I have received a note, which will be |
| 04:57PM | 22 | marked Court Exhibit -- what's the next one? |
| 04:57PM | 23 | THE CLERK:  Twenty-seven. |
| 04:57PM | 24 | THE COURT:  Okay.  That will be so marked.  We have |
| 04:57PM | 25 | completed the verdict of the jury document.  All right. |

04:57PM    1              Llane, would you please get the verdict sheet from

04:57PM    2    the foreperson?

04:58PM    3              Ladies and gentlemen, can you step in the jury room

04:58PM    4    for just one second, please?  I'm looking for something here

04:58PM    5    that I can't find.  I'll bring you back in in just one moment.

04:59PM    6    I have so many papers up here that -- sorry for the delay,

04:59PM    7    folks, but I need this paper and I can't find it.

05:00PM    8              As you know, we've been blowing through a lot of

05:00PM    9    material in the last couple hours and sometimes things get

05:00PM   10    lost.  Maybe it's on my desk.  I'll just take a brief moment

05:00PM   11    here.

05:01PM   12              THE CLERK:  All rise.

05:01PM   13    (Brief recess.)

05:01PM   14              THE COURT:  It was on my desk.

05:02PM   15    (The jury entered the room at 5:02 p.m.)

05:02PM   16              THE COURT:  Sorry for the delay, ladies and

05:02PM   17    gentlemen.  The document I was looking for was on my desk.  I

05:02PM   18    had to go get it.  At this time, ladies and gentlemen, the

05:03PM   19    verdict will be published, that is, it will be read in open

05:03PM   20    court.

05:03PM   21              THE CLERK:  In the matter of the United States of

05:03PM   22    America v. Aaron Hicks, criminal case number 15-CR-33A, how do

05:04PM   23    you find as to the defendant, Aaron Hicks, on Count 1 of the

05:04PM   24    indictment?

05:04PM   25              THE FOREPERSON:  We were unable to reach a unanimous

05:04PM   1   verdict.

05:04PM   2          THE CLERK:  How do you find as to the defendant,

05:04PM   3   Aaron Hicks, on Count 2 of the indictment?

05:04PM   4          THE FOREPERSON:  Guilty.

05:04PM   5          THE CLERK:  First special factor as to Count 2.  If

05:04PM   6   you find the defendant Aaron Hicks guilty of Count 2, you must

05:04PM   7   also find the type of controlled substance that the defendant

05:04PM   8   conspired to possess with intent to distribute or to

05:04PM   9   distribute.  Cocaine?

05:04PM   10         THE FOREPERSON:  No.

05:04PM   11         THE CLERK:  Cocaine base?

05:04PM   12         THE FOREPERSON:  No.

05:04PM   13         THE CLERK:  Marijuana?

05:04PM   14         THE FOREPERSON:  Yes.

05:05PM   15         THE CLERK:  How do you find as to the defendant,

05:05PM   16   Aaron Hicks, on Count 3 of the indictment?

05:05PM   17         THE FOREPERSON:  Not guilty.

05:05PM   18         THE COURT:  Ladies and gentlemen, you will now be

05:05PM   19   polled.  In other words, the deputy court clerk will ask each

05:05PM   20   of you whether the verdict that was reported by the foreperson

05:05PM   21   is your individual verdict.  You answer yes or no.

05:05PM   22         THE CLERK:  Juror Number 1, if your verdict agrees

05:05PM   23   with the verdict reported about the foreperson, answer yes.

05:05PM   24   If your verdict does not agree with the verdict reported by

05:05PM   25   the foreperson, answer no.  Does your verdict agree?

05:05PM    1          JUROR NUMBER 1: Yes.

05:06PM    2          THE CLERK: Juror Number 2, if your verdict agrees

05:06PM    3   with the verdict reported by the foreperson, answer yes. If

05:06PM    4   your verdict does not agree with the verdict reported by the

05:05PM    5   foreperson, answer no. Does your verdict agree?

05:06PM    6          JUROR NUMBER 2: Yes.

05:06PM    7          THE CLERK: Juror Number 3, if your verdict agrees

05:06PM    8   with the verdict reported about the foreperson, answer yes.

05:06PM    9   If your verdict does not agree with the verdict reported by

05:06PM   10   the foreperson, answer no. Does your verdict agree?

05:06PM   11          JUROR NUMBER 3: Yes.

05:06PM   12          THE CLERK: Juror Number 4, if your verdict agrees

05:06PM   13   with the verdict reported by the foreperson, answer yes. If

05:06PM   14   your verdict does not agree with the verdict reported by the

05:06PM   15   foreperson, answer no. Does your verdict agree?

05:06PM   16          JUROR NUMBER 4: Yes.

05:06PM   17          THE CLERK: Juror Number 5, if your verdict agrees

05:06PM   18   with the verdict reported by the foreperson, answer yes. If

05:06PM   19   your verdict does not agree with the verdict reported by the

05:06PM   20   foreperson, answer no. Does your verdict agree?

05:06PM   21          JUROR NUMBER 5: Yes.

05:06PM   22          THE CLERK: Juror Number 6, if your verdict agrees

05:07PM   23   with the verdict reported by the foreperson, answer yes. If

05:07PM   24   your verdict does not agree with the verdict reported about

05:07PM   25   the foreperson, answer no. Does your verdict agree?

05:07PM      1            JUROR NUMBER 6:  Yes.

05:07PM      2            THE CLERK:  Juror Number 7, if your verdict agrees

05:07PM      3   with the verdict reported by the foreperson, answer yes.  If

05:07PM      4   your verdict does not agree with the verdict reported by the

05:07PM      5   foreperson, answer no.  Does your verdict agree?

05:07PM      6            JUROR NUMBER 7:  Yes.

05:07PM      7            THE CLERK:  Juror Number 8, if your verdict agrees

05:07PM      8   with the verdict reported by the foreperson, answer yes.  If

05:07PM      9   your verdict does not agree with the verdict reported by the

05:07PM     10   foreperson, answer no.  Does your verdict agree?

05:07PM     11            JUROR NUMBER 8:  Yes.

05:07PM     12            THE CLERK:  Juror Number 9, if your verdict agrees

05:07PM     13   with the verdict reported by the foreperson, answer yes.  If

05:07PM     14   your verdict does not agree with the verdict reported by the

05:07PM     15   foreperson, answer no.  Does your verdict agree?

05:07PM     16            JUROR NUMBER 9:  Yes.

05:07PM     17            THE CLERK:  Juror Number 10, if your verdict agrees

05:06PM     18   with the verdict reported by the foreperson, answer yes.  If

05:06PM     19   your verdict does not agree with the verdict reported by the

05:05PM     20   foreperson, answer no.  Does your verdict agree?

05:08PM     21            JUROR NUMBER 10:  Yes.

05:08PM     22            THE CLERK:  Juror Number 11, if your verdict agrees

05:06PM     23   with the verdict reported by the foreperson, answer yes.  If

05:06PM     24   your verdict does not agree with the verdict reported by the

05:05PM     25   foreperson, answer no.  Does your verdict agree?

05:08PM      1              JUROR NUMBER 11:  Yes.

05:08PM      2              THE CLERK:  Juror Number 12, if your verdict agrees

05:06PM      3    with the verdict reported by the foreperson, answer yes.  If

05:06PM      4    your verdict does not agree with the verdict reported by the

05:05PM      5    foreperson, answer no.  Does your verdict agree?

05:08PM      6              JUROR NUMBER 12:  Yes.

05:08PM      7              THE COURT:  All right.  The courtroom deputy will

05:08PM      8    file and record the verdict.

05:08PM      9              Ladies and gentlemen, I want to -- at this time, I

05:08PM     10    will discharge you and I want to you thank you very, much for

05:08PM     11    your time and your patience.  We have a great system.  You've

05:08PM     12    heard the evidence and you rendered a verdict and you worked

05:09PM     13    very hard.  There's no question about that.  And at this time,

05:09PM     14    I know that you deliberated very, very difficult issues.

05:09PM     15    There's no question about that.  But you have carefully

05:09PM     16    considered all the facts and the law and rendered your

05:09PM     17    verdict.

05:09PM     18              So, I want to thank you on behalf of all the parties.

05:09PM     19    I will discharge you.  You will not have to talk about the

05:09PM     20    case or not, as you wish, but you're now free to go and I want

05:09PM     21    to thank you very much for your time and your efforts on

05:09PM     22    behalf of the justice system of the United States.  Thank you

05:09PM     23    very much.  You're free to go.

05:09PM     24    (The jury was discharged at 5:09 p.m.)

05:10PM     25              THE COURT:  As far as Count 1 is concerned, the Court

05:10PM  1  will declare a mistrial and we'll put this on for a status

05:10PM  2  conference.

05:10PM  3        Your Rule 29, the jury found your client not guilty

05:10PM  4  on Count 3.  So, that is no longer a 29 issue.  We will put

05:10PM  5  this on for a status conference in a couple weeks as to what

05:10PM  6  the government intends to do with Count 1, because that's

05:10PM  7  still pending.

05:10PM  8        MR. PARISI:  Yes, Your Honor.

05:10PM  9        THE COURT:  We need a date for the status conference.

05:10PM  10  (An off-the-record discussion was held.)

05:11PM  11        THE COURT:  The defendant has been found guilty of

05:11PM  12  Count 2.  Sentencing on Count 2 will be for January 31st at

05:11PM  13  12:30.  A written presentence report will be prepared by the

05:11PM  14  probation officer.  Since the other count is still

05:11PM  15  outstanding, I'm going to set -- these are going to be

05:11PM  16  tentative dates

05:11PM  17        MR. FOGG:  Thank you, Judge.

05:11PM  18        THE COURT:  Mr. Hicks will be afforded an opportunity

05:11PM  19  to meet with the probation officer to provide any information

05:11PM  20  for that report.  We'll put a scheduling for that when we have

05:11PM  21  the status conference and obviously, at the time of

05:12PM  22  sentencing, you and Mr. Hicks and your client will have an

05:12PM  23  opportunity to address the Court at the time of sentencing.

05:12PM  24  So, we'll have a status conference on --

05:12PM  25        THE CLERK:  October 24th at 10 o'clock.

05:12PM  1        MR. FOGG:  Can we make it earlier, Judge?  I know I'm

05:12PM  2  going to have to be some place.

05:12PM  3        THE COURT:  All right.  We'll make that 9 o'clock.

05:12PM  4        MR. FOGG:  Nine o'clock?

05:12PM  5        THE COURT:  Nine o'clock.

05:12PM  6        MR. FOGG:  And that was --

05:12PM  7        THE COURT:  That's just for status as to set a -- get

05:12PM  8  a further clarification on the sentencing date and as to what

05:12PM  9  the government intends to do with Count 1.

05:12PM  10        MR. XIANG:  Yes, Judge.  And so --

05:12PM  11        THE COURT:  If the government intends to pursue Count

05:12PM  12  1, then we'll set a trial date.

05:12PM  13        MR. XIANG:  Judge, given the -- with the mistrial,

05:12PM  14  there is a restart in the Speedy Trial clock as to Count 1

05:12PM  15  that's still pending.  I would move for the time between today

05:12PM  16  and the status conference on October 24th to be excluded from

05:13PM  17  the 70-day calendar.  So, that would be in the interest of

05:13PM  18  justice for the government to review Count 1.

05:13PM  19        In light of the -- well, in light of the trial,

05:13PM  20  completed trial on Counts 2 and 3, we'll be in touch with

05:13PM  21  defendant's counsel as well, if there is something that is to

05:13PM  22  be done, if there's any agreements that may be reached that

05:13PM  23  would be in the interest of justice.  And the time in the

05:13PM  24  interim should be excluded from the Speedy Trial clock.

05:13PM  25        THE COURT:  Any objection?

| | | |
|---|---|---|
| 05:13PM | 1 | MR. FOGG:  No objection, Judge.  The only concern I |
| 05:13PM | 2 | had is -- |
| 05:13PM | 3 | THE COURT:  Prepare an order excluding the time up |
| 05:13PM | 4 | until that date. |
| 05:13PM | 5 | MR. XIANG:  Yes, Judge. |
| 05:13PM | 6 | MR. FOGG:  Judge, the only concern I had is that if |
| 05:13PM | 7 | we have a sentence subsequent to -- or prior to the trial, it |
| 05:13PM | 8 | would enhance him. |
| 05:13PM | 9 | THE COURT:  Well, we'll discuss all that.  This is |
| 05:13PM | 10 | just so I have -- I have to set a sentencing date, because he |
| 05:13PM | 11 | has been found guilty of Count 2. |
| 05:13PM | 12 | MR. FOGG:  Understand, Judge. |
| 05:13PM | 13 | THE COURT:  But those dates are flexible.  Obviously, |
| 05:13PM | 14 | the Court will carefully consider any request for any |
| 05:13PM | 15 | adjournments. |
| 05:13PM | 16 | MR. FOGG:  Thank you, Judge. |
| 05:14PM | 17 | THE COURT:  Court will be in recess. |
| 05:14PM | 18 | THE CLERK:  All rise. |
| | 19 | (Proceedings adjourned at 5:14 p.m.) |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

1                 *    *    *    *    *    *    *

2

3              I certify that the foregoing is a

4         correct transcription of the proceedings

5         recorded by me in this matter.

6

7

8

9                              s/ Megan E. Pelka, RPR

10                             Court Reporter,

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25