```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF NEW YORK

                                                        VOL. VII

UNITED STATES OF AMERICA,       )
                                ) Case No. 1:15-CR-00033
                                )           (RJA)(HBS)
              Plaintiff,        )
                                )
vs.                             ) April 27th, 2018
                                )
AARON HICKS,                    )
                                )
              Defendant.        )


              TRANSCRIPT OF JURY TRIAL PROCEEDINGS
            BEFORE THE HONORABLE RICHARD J. ARCARA
               SENIOR UNITED STATES DISTRICT JUDGE



APPEARANCES:

For the Plaintiff:     JAMES P. KENNEDY, JR.
                       UNITED STATES ATTORNEY
                       BY:  PAUL PARISI, ESQ.
                            WEI XIANG, ESQ.
                       ASSISTANT UNITED STATES ATTORNEYS
                       138 Delaware Avenue
                       Buffalo, NY 14202

For the Defendant:     ROBERT ROSS FOGG, ESQ.
                       69 Delaware Avenue, Suite 600
                       Buffalo, NY 14202

Court Reporter:        MEGAN E. PELKA, RPR
                       Robert H. Jackson Courthouse
                       2 Niagara Square
                       Buffalo, NY 14202
```

08:53AM
08:53AM

```
09:25AM   1    (The jury entered the room at 9:32 a.m.)
09:34AM   2            THE CLERK:  Criminal action 2015-33A.  United States
09:34AM   3    v. Aaron Hicks.  Jury trial.  Counsel, please state your name
09:34AM   4    and the party you represent for the record.
09:34AM   5            MR. PARISI:  Good morning.  Paul Parisi and Wei Xiang
09:34AM   6    for the United States.
09:34AM   7            MR. FOGG:  Good morning, Your Honor, ladies and
09:34AM   8    gentlemen.  Robert Ross Fogg for Aaron Hicks who is present in
09:34AM   9    court.
09:34AM  10            THE COURT:  Good morning, everyone.  How is everyone
09:34AM  11    this morning?
09:34AM  12    (An off-the-record discussion was held.)
09:36AM  13            THE COURT:  Let's get back to the serious business of
09:36AM  14    this trial.  Good morning, everyone.  All right.  Government
09:36AM  15    has rested.  Mr. Fogg, do you have any?
09:36AM  16            MR. FOGG:  Thank you, Judge.  Defense rests.  We
09:36AM  17    don't have any witnesses, Your Honor.
09:37AM  18            THE COURT:  Oh, okay.  That's absolutely -- defense
09:37AM  19    has no burden to prove anything or call any witnesses.  That's
09:37AM  20    their right.  They have no obligation whatsoever.  Ladies and
09:37AM  21    gentlemen, could you please go in the jury room for a second?
09:37AM  22    This may be a shorter day than I anticipated.
09:37AM  23    (The jury left the room at 9:37 a.m.)
09:37AM  24            THE COURT:  All right.  I guess that ends the
09:37AM  25    testimonial part of the trial.  All right.  I guess what -- I
```

```
09:37AM   1   said we would sum up on Monday.  Does anyone want to do it
09:38AM   2   today or do you want to wait 'til Monday?
09:38AM   3           MR. FOGG:  Can we wait until Monday, Judge?
09:38AM   4           THE COURT:  Yeah I -- do you have any objection to
09:38AM   5   that?
09:38AM   6           MR. PARISI:  No objection, Your Honor.
09:38AM   7           THE COURT:  Okay.  Then, I'll just send the jury home
09:38AM   8   and we can spend time today on the jury charge.  My
09:38AM   9   understanding is that one conspiracy charge in the indictment
09:38AM  10   you may move to dismiss that part or I'm getting -- I didn't
09:38AM  11   get a full story.  I just heard there might be a possibility.
09:38AM  12   I don't know what the government --
09:38AM  13           MR. FOGG:  Your Honor, I didn't get a chance to
09:38AM  14   review this with my client.
09:38AM  15           THE COURT:  Oh, okay. Well, why don't we do this,
09:38AM  16   we've got the rest of the day.
09:38AM  17           MR. FOGG:  Okay.
09:38AM  18           THE COURT:  So, why don't we see if we can wrap
09:38AM  19   things up this morning so you can have the afternoon to
09:38AM  20   prepare and we'll go from there.  I'll send the jury home and
09:38AM  21   we'll have the summations on Monday morning.  What does the
09:38AM  22   calendar look like on Monday?  How long will your summations
09:39AM  23   be, just approximate?
09:39AM  24           MR. XIANG:  I would assume about an hour.
09:39AM  25           THE COURT:  And Mr. Fogg?
```

```
09:39AM   1            MR. FOGG:  Judge, if you could just yell at me, I'll
09:39AM   2   stop within 15 minutes, but I know you're not going to do that
09:39AM   3   and I can't promise you anything less than maybe an hour and a
09:39AM   4   half, you know?  I always anticipate less and then somebody
09:39AM   5   has got to stop me, so.
09:39AM   6            THE COURT:  All right.  Well, I got a couple of real
09:40AM   7   quick ones at 9 o'clock.  I'd like to start at 9.  So, we'll
09:40AM   8   try for 9 o'clock on Monday.
09:40AM   9            MR. FOGG:  Nine o'clock?
09:40AM  10            THE COURT:  We'll go for 9, yeah.  All right.  Let's
09:40AM  11   bring the jury back and send them home.
09:41AM  12   (The jury entered the room at 9:41 a.m.)
09:41AM  13            THE COURT:  Ladies and gentlemen, I've been advised
09:41AM  14   that the defense will rest.  So, the next part of the trial is
09:41AM  15   the summations of the lawyers and the charge of the jury and I
09:41AM  16   have to take up some matters with the attorneys, which it
09:41AM  17   happens in every case.
09:41AM  18            So, I'm going to send you home extra early today.  I
09:41AM  19   don't want to have you sitting around.  This might take some
09:42AM  20   time.  I have to deal with the lawyers on some matters.  So,
09:42AM  21   rather than have you just sit around, we'll send you home and
09:42AM  22   we'll start at 9 o'clock on Monday.  Okay?  That's when we'll
09:42AM  23   have the closings of the summations from the attorneys.  I
09:42AM  24   will then instruct you on the law and then the case will be
09:42AM  25   given to you probably some time in the early afternoon on
```

| | | |
|---|---|---|
| 09:42AM | 1 | Monday, okay?  So, we're within the timeframe that we had |
| 09:42AM | 2 | talked about.  So, you have the day off.  Don't look so sad. |
| 09:42AM | 3 | (An off-the-record discussion was held.) |
| 09:42AM | 4 |       THE COURT:  Enjoy the weekend, folks and we'll see |
| 09:42AM | 5 | you Monday morning at 9 o'clock.  Again, don't discuss this |
| 09:42AM | 6 | case with anyone.  Do not discuss it among yourselves.  Those |
| 09:42AM | 7 | aren't just words.  Wait until the case is given to you for |
| 09:42AM | 8 | your deliberation and your verdict.  Have a nice afternoon and |
| 09:42AM | 9 | weekend, folks. |
| 09:42AM | 10 | (The jury left the room at 9:42 a.m.) |
| 09:43AM | 11 |       THE COURT:  All right.  Why don't we just adjourn and |
| 09:43AM | 12 | we'll come back here about 2 o'clock and you'll have a chance |
| 09:43AM | 13 | to look at the charge and put anything on the record and I'll |
| 09:43AM | 14 | deal with any objections to the charge, okay? |
| 09:43AM | 15 |       MR. FOGG:  Okay. |
| 09:43AM | 16 |       THE COURT:  Gives you enough time.  You can talk to |
| 09:43AM | 17 | Mr. Hicks, Mr. Fogg.  You have the whole morning to talk to |
| 09:43AM | 18 | him and discuss it with him.  You have got a copy of the |
| 09:43AM | 19 | draft? |
| 09:43AM | 20 |       MR. PARISI:  We do. |
| 09:43AM | 21 |       MR. FOGG:  There seems to be a difference in page |
| 09:43AM | 22 | numbers, so I don't know.  I just want to make sure I have |
| 09:43AM | 23 | them. |
| 09:43AM | 24 |       THE COURT:  You gentlemen can talk to each other |
| 09:44AM | 25 | right now. |

```
09:44AM   1              MR. FOGG:  Yeah.
09:44AM   2              THE COURT:  Two o'clock.  I think that's a fair time.
09:44AM   3              MR. FOGG:  Thank you, Judge.
09:44AM   4              MR. PARISI:  Thank you.
09:44AM   5              THE CLERK:  All rise.
01:48PM   6    (A recess was taken.)
01:48PM   7              THE CLERK:  Criminal action 2015-33A.  Unites States
02:20PM   8    v. Aaron Hicks.  Status conference regarding objections to
02:20PM   9    charge.  Counsel, please state your name and the party you
02:20PM  10    represent for the record.
02:20PM  11              MR. PARISI:  Paul Parisi and Wei Xiang for the United
02:20PM  12    States.
02:20PM  13              MR. FOGG:  Attorney Robert Ross Fogg for Aaron Hicks,
02:20PM  14    who is present in court.
02:20PM  15              THE COURT:  Good afternoon, gentlemen.  I know you've
02:20PM  16    had discussion with my confidential law clerk regarding the
02:21PM  17    charge.  I understand there's no problem.  I understand the
02:21PM  18    government had indicated that they would like to maybe remove
02:21PM  19    the racketeering act of the conspiracy.  Well, the one count
02:21PM  20    is -- this is a one-count indictment here.  It's a
02:21PM  21    racketeering conspiracy.
02:21PM  22              And then, within that, there's an overt act,
02:21PM  23    conspiracy to distribute -- with intent to distribute cocaine,
02:21PM  24    cocaine base, marijuana and heroin and it's -- I remember the
02:21PM  25    first trial.  This was very, very confusing to say the least
```

```
02:21PM   1   and I don't -- I'm thinking of taking it out because I think
02:21PM   2   it's very difficult for the -- well, it's difficult for the
02:21PM   3   Court to understand -- well, I understand it, but I can't
02:21PM   4   imagine a jury really comprehending it because the overall
02:21PM   5   umbrella a racketeering conspiracy and the elements are
02:21PM   6   somewhat different.  Now, Mr. Fogg, are you, in any way at
02:22PM   7   all, prejudiced by this?
02:22PM   8              MR. FOGG:  I think so, Judge.
02:22PM   9              THE COURT:  How are you prejudiced by it?
02:22PM  10              MR. FOGG:  Sure.  I'll take you through my mind here.
02:22PM  11   The fact is that the racketeering conspiracy -- you can have a
02:22PM  12   conspiracy to be involved in a racketeering activity, but then
02:22PM  13   you also conspire to do one with of those activities.  If you
02:22PM  14   remove the conspiracy to commit the controlled substance, then
02:22PM  15   you're simply saying that all you've got to do to be guilty is
02:22PM  16   to agree to conspire to racketeering.
02:22PM  17              The fact is, in U.S. v. Gotti and Ideligo (phonetic),
02:22PM  18   some of the guys who conspired to commit murder were found
02:22PM  19   guilty for conspiring to commit murder and racketeering.  The
02:22PM  20   guys who were conspiring to do gambling acts were only guilty
02:22PM  21   of gambling acts and racketeering.  The murder guys and the
02:22PM  22   gambler guys we're not convicted of conspiracy to do each
02:22PM  23   other's crime.  We're going down a different branch and you're
02:23PM  24   only requiring conspiracy once.
02:23PM  25              THE COURT:  How are you prejudiced by this?
```

```
02:23PM   1              MR. FOGG:  Because number one, it is in the
02:23PM   2   indictment.
02:23PM   3              THE COURT:  That's not a good reason.
02:23PM   4              MR. FOGG:  And number two, all you have to do is find
02:23PM   5   one level of conspiracy.  That's it.  But you see, if he's
02:23PM   6   conspiring to do racketeering, but he's not --
02:23PM   7              THE COURT:  He's conspiring to commit a conspiracy.
02:23PM   8   That's why it's so difficult to comprehend.
02:23PM   9              MR. FOGG:  But that's the very nature of the
02:23PM  10   racketeering charge itself.  Maybe Congress needs to step in
02:23PM  11   and change it, but I would say it should stay that way because
02:23PM  12   that's exactly what happens.  This guy -- Aaron may not have
02:23PM  13   ever conspired to actually traffic cocaine, maybe just
02:23PM  14   marijuana.  So, if that's the case, he could be found guilty
02:23PM  15   of racketeering, but not racketeering and conspiracy for
02:24PM  16   cocaine, maybe just the marijuana.  It does sound confusing,
02:24PM  17   but the racketeering charge --
02:24PM  18              THE COURT:  Would there be any different proof?
02:24PM  19   There's no different proof.
02:24PM  20              MR. FOGG:  I think what it is, Judge, it's different
02:24PM  21   levels of culpability at different times based on the facts
02:24PM  22   and that is for the trier of fact to determine.  We should not
02:24PM  23   take that away from them.
02:24PM  24              THE COURT:  What's the government's position on this?
02:24PM  25              MR. XIANG:  Judge, I think with the 846 conspiracy
```

```
02:24PM   1   being an act within the pattern of racketeering activity
02:24PM   2   duplicative here because the 846 conspiracy is a conspiracy to
02:24PM   3   commit 841(a)(1).  And 841(a)(1), the substantive distribution
02:24PM   4   or possession with intent to distribute, is itself also a
02:24PM   5   racketeering act.
02:24PM   6              So, the -- we can have the RICO conspiracy, you know,
02:25PM   7   conducting the affairs of the enterprise through a pattern of
02:25PM   8   racketeering activity being the substantive position or
02:25PM   9   distribution of controlled substance, as well as conspiracy to
02:25PM  10   do the same exact thing.  So, it is a little bit circular with
02:25PM  11   the 846 because it almost double counts the 841, because the
02:25PM  12   841 is a racketeering act by itself and then, it's also an
02:25PM  13   object of the racketeering act that's the 846.  So, for that
02:25PM  14   reason, I think that's why removing the 846 --
02:25PM  15              THE COURT:  The evidence wouldn't have been any
02:25PM  16   different, correct?
02:25PM  17              MR. XIANG:  Correct.  That's why I think it doesn't
02:25PM  18   prejudice anyone.  I get what defense counsel is saying, that
02:25PM  19   it's what the indictment says, but the -- here, we're not
02:25PM  20   making the proof or the elements any simpler.  It's not like
02:25PM  21   we're amending the indictment to make it easier to prove.  The
02:26PM  22   underlying proof would actually still be exactly the same
02:26PM  23   because of how the 846 is subsumed within both the 846 and the
02:26PM  24   RICO conspiracy directly.
02:26PM  25              THE COURT:  Mr. Fogg, you wouldn't have tried the
```

| | | |
|---|---|---|
| 02:26PM | 1 | case any differently. |
| 02:26PM | 2 | MR. FOGG: No, I would have moved, just as I did move |
| 02:26PM | 3 | to preclude or actually say it's double jeopardy. That's what |
| 02:26PM | 4 | I would have done. The fact is, is that -- |
| 02:26PM | 5 | THE COURT: But you wouldn't have tried the case any |
| 02:26PM | 6 | differently. This is what will affect your -- |
| 02:26PM | 7 | MR. FOGG: I tried the case on the basis of the facts |
| 02:26PM | 8 | that they presented and the evidence that they presented. |
| 02:26PM | 9 | Right now, I rested on the evidence that they presented. And |
| 02:26PM | 10 | the evidence that they presented and lack thereof, I rested. |
| 02:26PM | 11 | Now, we're going to take that away from me. It does prejudice |
| 02:26PM | 12 | me because I rested for a specific purpose. We made a |
| 02:26PM | 13 | strategy, a determination, based on what we heard. |
| 02:26PM | 14 | THE COURT: What would you have added had it not been |
| 02:26PM | 15 | there? What difference would it have made? What would you |
| 02:27PM | 16 | have done differently? |
| 02:27PM | 17 | MR. FOGG: It would all depend on the facts and the |
| 02:27PM | 18 | evidence and the witnesses that they call. |
| 02:27PM | 19 | THE COURT: You've heard it. |
| 02:27PM | 20 | MR. FOGG: I sure have. |
| 02:27PM | 21 | THE COURT: What would you have done any differently? |
| 02:27PM | 22 | MR. FOGG: If I decided? |
| 02:27PM | 23 | THE COURT: No, if I -- if the fact of the conspiracy |
| 02:27PM | 24 | to possess with intent to distribute is taken out? |
| 02:27PM | 25 | MR. FOGG: Well, the question is, well, who did he |

```
02:27PM   1    conspire with to actually distribute the cocaine?
02:27PM   2           See, we're taking away a layer of culpability and
02:27PM   3    we're only charging him under the umbrella of racketeering and
02:27PM   4    everything else below it, because if the jury could not find
02:27PM   5    that sublayer of responsibility, then they do have a problem
02:27PM   6    with the racketeering activity and he should be found not
02:27PM   7    guilty of the racketeering, unless they take another branch.
02:27PM   8           Right now, this is prejudicial.  He's being charged
02:27PM   9    with multiple acts involving murder, multiple acts involving
02:27PM  10    trafficking.  Give me the multiple acts.  You've already given
02:28PM  11    it to me.  I've made my opening based on that.  I've devised
02:28PM  12    my strategy based on that.
02:28PM  13           THE COURT:  What would you have done any differently?
02:28PM  14    What would you have done any differently?
02:28PM  15           MR. FOGG:  Judge, you know --
02:28PM  16           THE COURT:  It's the same evidence.
02:28PM  17           MR. FOGG:  Judge, how I go about handling it, I can't
02:28PM  18    tell you right now how I'd do it differently.  The whole idea
02:28PM  19    is that you are taking it away from me, you know, it would be
02:28PM  20    taken away from me.  This is no different than the last time,
02:28PM  21    but the last time --
02:28PM  22           THE COURT:  Well, I remember when I instructed the
02:28PM  23    jury the last time on it, it was very, very confusing.
02:28PM  24           MR. FOGG:  We had a specific verdict and we required
02:28PM  25    the decision on up or down on the weight and up or down on
```

|  |  |  |
|---|---|---|
| 02:28PM | 1 | this one.  Right now, we don't have to have a special verdict. |
| 02:28PM | 2 | This is still part of it.  I believe what was really confusing |
| 02:28PM | 3 | was, if you say yes to this and say no to that, then you must |
| 02:28PM | 4 | say yes to this.  This seems to be very straightforward and |
| 02:28PM | 5 | it's -- the way the statute is read, it's the way the statute |
| 02:28PM | 6 | is recorded, it's what we did the last time minus the |
| 02:29PM | 7 | confusing part.  I say it is prejudicial to my client and -- |
| 02:29PM | 8 | THE COURT:  I don't see how. |
| 02:29PM | 9 | MR. FOGG:  I'd object.  I'd object, Judge.  This is |
| 02:29PM | 10 | not the case for which he was charged. |
| 02:29PM | 11 | THE COURT:  All right.  I'll charge it.  I think |
| 02:29PM | 12 | you're wrong, but I'll give you the benefit on it.  I really |
| 02:29PM | 13 | do. |
| 02:29PM | 14 | MR. FOGG:  Why do you think I'm wrong? |
| 02:29PM | 15 | THE JUDGE:  I don't think you're prejudiced at all. |
| 02:29PM | 16 | It's the same evidence in the case.  It makes it much more |
| 02:29PM | 17 | understandable.  And I remember when I charged the last time, |
| 02:29PM | 18 | it was almost like I don't know why the government put that in |
| 02:29PM | 19 | there, to be honest with you.  All right.  Well, I'll charge |
| 02:29PM | 20 | it.  You want it, I'll charge it.  Okay.  Everything else is |
| 02:29PM | 21 | okay I guess? |
| 02:29PM | 22 | MR. FOGG:  One other question. |
| 02:29PM | 23 | THE COURT:  The word heroin you want out, the |
| 02:29PM | 24 | government wants out? |
| 02:29PM | 25 | MR. FOGG:  It should stay in.  It's all part of |

```
02:29PM   1    the --
02:29PM   2              THE COURT:  All right.  We'll leave it in.
02:30PM   3              MR. FOGG:  The one question I did have, Judge, is on
02:30PM   4    the premeditated on the murder.  I know -- I checked with
02:30PM   5    Mr. Kruly.  He said it was in the last time.  I'm trying to
02:30PM   6    figure out how it applies here.
02:30PM   7              THE COURT:  It's in the New York -- the statute --
02:30PM   8    the elements of the New York State law.  We're going to charge
02:30PM   9    it.
02:30PM  10              MR. FOGG:  No, no.  You're absolutely right.  I'm
02:30PM  11    sorry, Judge, I see it.  All right.
02:30PM  12              THE COURT:  All right.  See you Monday morning at 9
02:30PM  13    o'clock.
02:30PM  14              MR. FOGG:  See you Monday morning, Judge.  Thanks.
02:30PM  15              THE CLERK:  All rise.
02:30PM  16    (Proceedings concluded.)
         17
         18
         19
         20
         21
         22
         23
         24
         25
```

1          *     *     *     *     *     *     *

3          I certify that the foregoing is a
4     correct transcription of the proceedings
5     recorded by me in this matter.

9                         s/ Megan E. Pelka, RPR
10                        Court Reporter,