PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AARON HICKS,

        Petitioner,

        -v-

UNITED STATES OF AMERICA,

        Respondent.
_____

23-CV-0166-RJA
15-CR-0033-RJA-HBS-1
**ORDER**

        On February 21, 2023, Petitioner, Aaron Hicks, filed a *pro se* Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255 (the "Motion to Vacate"), Dkt. 964, and a Motion to Amend the Motion to Vacate (the "First Motion to Amend"), Dkt. 965. In the First Motion to Amend, Hicks asserted, *inter alia*, that due to the lockdowns and restrictions in place during the COVID-19 pandemic, it had been difficult for inmates to obtain necessary and relevant documents, visit the law library, obtain copy and postal services, and the like, all which had made it difficult to timely file motions and petitions. Dkt. 965. Hicks also asserted that he filed the Motion to Vacate to preserve its timeliness and serve as a "placeholder" motion. *Id.*

        On February 23, 2023, the Court entered a Text Order granting Hicks an extension of time to file an amended motion under 28 U.S.C. § 2255. Dkt. 967. On April 25, 2023, Hicks timely filed a Motion for Leave to File an Amended Motion under 28 U.S.C. § 2255 ("Second Motion to Amend"). Dkt. 1005. The Second Motion to Amend, in addition to providing support for why he should be granted leave to amend under Fed. R. Civ. P. 15, provides further arguments in support of his Motion to Vacate and attaches a declaration from his former attorney who represented him at the trial and the retrial and affidavits from

1

two jurors in support of the Motion to Vacate. Dkt. 1005. The Second Motion to Amend also seeks the appointment of counsel under Rule 8(a) and (c) of the Rules Governing Section 2255 Cases in the United States District Courts. Dkt. 1005 at 8. Accordingly,

**IT IS HEREBY ORDERED** that Hick's Second Motion to Amend is GRANTED and the operative Motion to Vacate, Set Aside, or Correct Hicks's Sentence under 28 U.S.C. § 2255 therefore consists of both the Motion to Vacate, Dkt. 964, and the Second Motion to Amend, including the arguments contained therein and the declaration and affidavits attached thereto, Dkt. 1005; and it is further

**ORDERED** that, in accordance with Rules 4 and 5 of the Rules Governing § 2255 Cases in the United States District Courts, Respondent shall file and serve an answer to the Motion to Vacate within **forty-five (45) days of entry of this Order**. The Answer shall respond to the allegations in the Motion to Vacate and Second Motion to Amend and shall state whether Hicks has used any other available federal remedies including any prior post-conviction motions under these rules or those existing before the adoption of the present rules, and whether Hicks received a post-conviction evidentiary hearing in a federal court. Further, the Answer shall state whether Hicks appealed the conviction, and what ruling, if any, the United States Court of Appeals has made on the appeal; and it is further

**ORDERED** that, in addition to the Answer, Respondent shall also file and serve by the above date a memorandum of law addressing each of the issues raised in the Motion to Vacate and Second Motion to Amend, and including citations of relevant supporting authority; and it is further

**ORDERED** that within 20 days of receipt of the Answer, Hicks may file a written reply to the Answer and memorandum of law; and it is further

**ORDERED** that within 20 days of the date this Order is filed with the Clerk of Court, Respondent may file a motion for a more definite statement or a motion to dismiss the Motion to Vacate and Second Motion to Amend, accompanied by appropriate exhibits which demonstrate that an answer to the Motion to Vacate and Second Motion to Amend is unnecessary; and it is further

**ORDERED** that Hicks's request for appointment of counsel is denied without prejudice as premature at this time, *see* Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts;[1] and it is further

**ORDERED** that the Clerk of Court is directed to serve a copy of the Motion to Vacate, Dkt. 964, and Second Motion to Amend, Dkt. 1005, together with a copy of this Order, upon the United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202; and it is further

---

[1] Rule 8(c) provides that:

> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A. The judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare. These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

At this time, there is no showing that an evidentiary hearing is required. In addition, Hicks has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time. *See Toron v. U.S.,* 281 F. Supp. 2d 591, 593 (E.D.N.Y. 2003) (noting factors the courts in this circuit consider when determining whether to appoint counsel in the habeas corpus context: "the petitioner's likelihood of success on the merits; the complexity of the legal issues raised by the petition; and the petitioner's ability to investigate and present the case." (citing *Hodge v. Police Officers,* 802 F.2d 58, 61-62 (2d Cir.1985)). Whether the interests of justice require appointment of counsel in this case cannot be determined until, at least, after the Court has had an opportunity to review and consider the Respondent's answer to the Motion to Vacate.

**ORDERED** that all docketing for this action shall be made in the related criminal action 15-CR-0033-RJA-HKS-1.

**THE PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE UNITED STATES ATTORNEY.**

    SO ORDERED.

                                                                  \_\_s/Richard J. Arcara_____
                                                                   HONORABLE RICHARD J. ARCARA
                                                                   UNITED STATES DISTRICT COURT

DATED:  May 26, 2023
           Buffalo, New York